**COOLEY GODWARD KRONISH LLP**

1114 Avenue of the Americas

New York, New York 10036

Telephone: (212) 479-6000

Facsimile: (212) 479-6275

Lawrence C. Gottlieb

Jeffrey L. Cohen

Richelle Kalnit

Proposed Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------- x
                                                    :
In re                                               :      Chapter 11
                                                    :
CRABTREE & EVELYN, LTD.,                             :      Case No. 09-_____ (___)
                                                    :
           Debtor.                                  :
                                                    :
----------------------------------------------------------------- x
```

**DEBTOR'S APPLICATION FOR ORDER UNDER BANKRUPTCY**
**CODE SECTIONS 327(a) AND 328 AND BANKRUPTCY RULES 2014**
**AND 2016 AUTHORIZING EMPLOYMENT AND RETENTION OF**
**COOLEY GODWARD KRONISH LLP AS ATTORNEYS FOR DEBTOR,**
**_NUNC PRO TUNC_ TO THE PETITION DATE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The debtor and debtor in possession in the above-captioned case (the "Debtor")[1]

hereby applies (the "Application") for entry of an order under sections 327(a) and 328 of title 11

of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York

(the "Local Rules"), authorizing the employment and retention of Cooley Godward Kronish LLP

("Cooley" or the "Firm"), effective as of the Petition Date (as defined herein), under a general

---

[1] The last four digits of the Debtor's federal tax identification number are 1685.

retainer as the Debtor's bankruptcy counsel.  In support of the Application, the Debtor relies

upon and incorporates by reference the declaration of Lawrence C. Gottlieb in Support of

Debtor's Application for Order Under 11 U.S.C. §§ 327(a) and 328 and Bankruptcy Rules 2014

and 2016 Authorizing Employment and Retention of Cooley Godward Kronish LLP as Attorneys

for Debtor in Possession (the "Gottlieb Declaration"), attached hereto as **Exhibit A**. In further

support of the Application, the Debtor respectfully represents:

## BACKGROUND

### General

1.      On the date hereof (the "Petition Date"), the Debtor commenced with this

Court a voluntary case under the Bankruptcy Code.  The Debtor is authorized to operate its

businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  No trustee, examiner, or statutory creditors' committee has been

appointed in this chapter 11 case.

### The Debtor's Businesses

2.      Crabtree & Evelyn has evolved from a small, entrepreneurial business, to

a company with worldwide manufacturing and distribution capabilities, worldwide distribution

channels and 126 retail locations in the United States, making it well-known and respected for its

English-style elegance.  Through a multi-channel sales strategy, including sales through retail,

wholesale, export, affiliate and internet channels, the Debtor manufactures and distributes its

products worldwide.

3.      Founded as a purveyor of fine soaps from around the world, products were first sold under the Crabtree & Evelyn name starting in approximately 1972.[2]  During nearly four decades Crabtree & Evelyn has expanded its product offerings from fine soaps to include personal care products and related accessories, fragrances, comestibles (*i.e.*, food products including cookies, teas and jams), products for the home and gift arrangements.  The Debtor also sells Vera Bradley (purses and related accessories) products in its retail store locations.  Crabtree & Evelyn manufactures and distributes more than twenty-five product lines, including LaSource®, Gardeners, India Hicks Island Living® and Naturals and its products have been frequently mentioned in numerous magazines, including Vogue, Glamour, and Lucky.  In 1977, Crabtree & Evelyn opened its first retail store, and its retail business has gradually expanded to include a manufacturing and distribution facility, as well as 126 stores in the United States.  In 1996, Kuala Lumpur Kepong Berhad purchased 100 percent of the equity of the Debtor.  The Debtor is incorporated in Connecticut, and its headquarters, distribution center, manufacturing facility, and warehouse are located in Woodstock, Connecticut.

4.      The Debtor's primary assets include inventory, contract rights, intellectual property rights, and accounts receivable for goods sold.  The Debtor also owns its headquarters, manufacturing facility, distribution center and warehouse in Woodstock, Connecticut.  In addition, the Debtor leases a significant number of retail stores located in 34 states.

## **JURISDICTION**

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]      The name of the Debtor is inspired from (i) the crabapple tree, the original species from which all cultivated apple trees have derived, and (ii) John Evelyn, the seventeenth century renaissance Englishman, who wrote one of the first works on conservation of forests and timber.

## RELIEF REQUESTED

6.       By this Application, the Debtor seeks to employ and retain Cooley as of the Petition Date to represent the Debtor as its bankruptcy counsel in connection with this chapter 11 case.  Accordingly, the Debtor respectfully requests entry of an order under sections 327(a) and 328 of the Bankruptcy Code, in substantially the form attached hereto, authorizing the Debtor to employ and retain Cooley as its attorneys under a general retainer to perform the legal services that will be necessary during this case, as summarized herein and more fully described in the Gottlieb Declaration, attached hereto.

## BASIS FOR RELIEF

7.       Prior to the commencement of this case, the Debtor sought the services of Cooley with respect to, among other things, advice regarding restructuring matters and, if necessary, preparation for the Debtor's chapter 11 case.  In this regard, Cooley has performed extensive legal work for the Debtor in connection with its ongoing restructuring efforts including, but not limited to, financing and creditor issues.  As a result of representing the Debtor on such matters, Cooley has acquired extensive knowledge of the Debtor and its businesses and is familiar with the Debtor's capital structure, corporate structure, financing documents and other material agreements.

8.       The Debtor believes that continued representation by its prepetition restructuring and bankruptcy counsel, Cooley, is critical to the Debtor's efforts to restructure its businesses because Cooley is extremely familiar with the Debtor's businesses and legal and financial affairs and, accordingly, is well suited to guide the Debtor through the chapter 11 process.  Furthermore, Cooley has vast experience and knowledge in the field of debtors and creditors rights and business reorganizations under chapter 11 of the Bankruptcy Code.

9.      The Debtor desires to employ Cooley under a general retainer because of the extensive legal services that will be required in connection with the chapter 11 case.  As noted above, the Debtor believes Cooley is well qualified and uniquely able to act on the Debtor's behalf.

### SERVICES TO BE RENDERED

10.     The services of attorneys under a general retainer are necessary to enable the Debtor to execute faithfully its duties as debtor in possession.  Subject to further order of this Court, Cooley will be required to render various services to the Debtor including, among others, the following:

(a)     advising the Debtor with respect to its powers and duties as debtor and debtor in possession in the continued management and operation of its businesses and properties;

(b)     attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

(c)     taking all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Debtor's estate, the defense of any actions commenced against the estate, negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the estate;

(d)     preparing, on behalf of the Debtor, motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

(e)     preparing and negotiating on the Debtor's behalf plan(s) of reorganization, disclosure statement(s) and all related agreements and/or documents and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan(s);

(f)     advising the Debtor in connection with any sale of assets;

(g)     performing other necessary legal services and providing other necessary legal advice to the Debtor in connection with this chapter 11 case; and

(h) appearing before this Court, any appellate courts, and the United States Trustee (the "U.S. Trustee") and protecting the interests of the Debtor's estate before such courts and the U.S. Trustee.

11. It is necessary and essential that the Debtor, as debtor in possession, employ attorneys under a general retainer to render the foregoing professional services. Cooley has indicated a willingness to act on behalf of, and render such services to, the Debtor.

## DISINTERESTEDNESS OF COOLEY

12. To the best of the Debtor's knowledge, and except as otherwise set forth herein and in the accompanying Gottlieb Declaration, the members, counsel and associates of Cooley (a) do not have any connection with the Debtor or its affiliates, its creditors or any other party in interest, or their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the same, or any judge in the Bankruptcy Court or the United States District Court for the Southern District of New York or any person employed in the offices of the same; (b) are "disinterested persons," as that term is defined in Bankruptcy Code section 101(14); and (c) do not hold or represent any interest adverse to the estate.

13. To the best of the Debtor's knowledge and except as set forth in the Gottlieb Declaration:

(a) Neither Cooley nor any attorney at the Firm holds or represents an interest adverse to the Debtor's estate.

(b) Neither Cooley nor any attorney at the Firm is or was a creditor or an insider of the Debtor, except that Cooley previously has rendered legal services to the Debtor for which it has been compensated as disclosed below.

(c) Neither Cooley nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor.

(d) Cooley does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

(e)     No attorney at Cooley is related to any United States District Judge or United States Bankruptcy Judge for the Southern District of New York or to the U.S. Trustee for such district or to any known employee in the office thereof.

14.     In view of the foregoing, the Debtor believes that Cooley is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).

15.     Cooley has informed the Debtor that throughout this case, Cooley will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in this case and that it will promptly update this Application and disclose any material developments regarding the Debtor or any other pertinent relationships that come to Cooley's attention by way of a supplemental Declaration.

## PROFESSIONAL COMPENSATION

16.     Prior to the Petition Date, Cooley submitted invoices for professional fees and expenses to the Debtor for work performed on behalf of the Debtor.  The Debtor rendered payment to Cooley prior to the Petition Date in the approximate sum of $351,950.33 in the ordinary course of business on account of fees and expenses incurred during the one-year period from June 29, 2008 through June 29, 2009.  Prior to the Petition Date, Cooley received the sum of $100,000 from the Debtor to hold as a retainer to pay fees and disbursements of Cooley which may remain unpaid during the course of this chapter 11 case.

17.     The Debtor understands that Cooley hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the U.S. Trustee, and further orders of this Court for all services

performed and expenses incurred after the Petition Date.  The Debtor understands that Cooley will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current rate charged for such services on a non-bankruptcy matter.

18.    As an accommodation to the Debtor and in an effort to reduce fees in this case, certain of the hourly rates as set forth in the Gottlieb Declaration reflect a voluntary reduction from the Firm's standard hourly rates for work of this nature.  Specifically, Cooley has agreed to voluntary reduce fees for timekeepers at the counsel and partner levels in the amount of between fifteen percent and twenty percent of Cooley's standard hourly rates.  The remaining hourly rates as set forth in the Gottlieb Declaration are the Firm's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate Cooley fairly for the work of its attorneys and legal assistants and to cover the fixed and routine overhead expenses. Consistent with the Firm's policy with respect to its other clients, Cooley will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services.   These charges and disbursements include, among others, costs of telephone charges, photocopying (at a reduced rate of $0.10 per page for black-and-white copies and a higher commensurate charge for color copies), travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

19.    Cooley has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the

complexity, importance, and nature of the problems, issues or tasks addressed in this chapter 11 case.

20.     Other than as set forth in the Gottlieb Declaration, no arrangement is proposed between the Debtor and Cooley for compensation to be paid in this chapter 11 case.

21.     Except for sharing arrangements between Cooley and its respective members, Cooley has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

22.     The Debtor submits that the engagement and retention of Cooley on the terms and conditions set forth herein is necessary and in the best interests of the Debtor, its estate, and its creditors and should be approved.

## <u>NOTICE</u>

23.     The Debtor has served notice of this Application on (i) the U.S. Trustee (Attn: Serene Nakano, Esq.), (ii) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, and (iii) the Debtor's 40 largest unsecured creditors.  In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

24.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (i) authorizing the Debtor to employ and retain Cooley, effective as of the Petition Date, under a general retainer as the Debtor's bankruptcy counsel, and (ii) granting such other and further relief as is just and proper.

Dated: July 1, 2009
Woodstock, Connecticut

Respectfully submitted,

CRABTREE & EVELYN, LTD.

By: /s/ Stephen W. Bestwick         ___
Name:  Stephen W. Bestwick
Title:    Acting President

## **EXHIBIT A**

## **GOTTLIEB DECLARATION**

1546970 v3/NY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :
In re                                                            :     **Chapter 11**
                                                                 :
**CRABTREE & EVELYN, LTD.,**                                     :     **Case No. 09-_____ (___)**
                                                                 :
          **Debtor.**                                            :
                                                                 :
---------------------------------------------------------------- x

**DECLARATION OF LAWRENCE C. GOTTLIEB IN SUPPORT OF DEBTOR'S**
**APPLICATION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 327(a)**
**AND 328 AND BANKRUPTCY RULES 2014 AND 2016 AUTHORIZING**
**EMPLOYMENT AND RETENTION OF COOLEY GODWARD KRONISH LLP AS**
**ATTORNEYS FOR DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

          I, Lawrence C. Gottlieb, hereby declare that the following is true and correct to

the best of my knowledge, information, and belief:

          1.          I am a member of the firm of Cooley Godward Kronish LLP ("Cooley" or

the "Firm"), which maintains an office for the practice of law at, among other places, 1114

Avenue of the Americas, New York, NY 10036.  I submit this declaration and statement in

support of the Debtor's Application for Order Under 11 U.S.C. §§ 327(a) and 328 and

Bankruptcy Rules 2014 and 2016 Authorizing Employment and Retention of Cooley Godward

Kronish LLP as Attorneys for Debtor In Possession *Nunc Pro Tunc* to the Petition Date (the

"Application")[1], filed concurrently herewith by the debtor and debtor in possession in the above-

captioned case (the "Debtor").  Except as otherwise indicated, I have personal knowledge of the

matters set forth herein and, if called as a witness, would testify competently hereto.[2]

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the
Application.

[2] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Cooley and
are based on information provided by them to me.

## QUALIFICATION OF PROFESSIONALS

2.      I am the Chairperson of Cooley's corporate restructuring practice and generally will be responsible for coordinating Cooley's representation of the Debtor in this case. I have extensive experience in representing debtors in chapter 11 cases, including In re Pacific Ethanol Holding Co. LLC., In re Bayonne Medical Center, In re Coordinated Apparel Inc., In re Okura of America, Inc., In re Optel, Inc., and In re Metromedia Fiber Network, Inc., among others.

3.      I believe that Cooley is well qualified to represent the Debtor in this proceeding.  Indeed, Cooley attorneys have extensive experience in representing key constituents in sophisticated chapter 11 retail proceedings across the country such as:  Against All Odds in Newark, New Jersey; Boscov's in Wilmington, Delaware; Bob's Stores in Wilmington, Delaware; Copelands' Enterprises, Inc. in Wilmington, Delaware; Elder Beerman in Dayton, Ohio; Federated Department Stores in Cincinnati, Ohio; Filene's Basement in Wilmington, Delaware; Florsheim in Chicago, Illinois; Gateway Apparel in St. Louis, MO; Gottschalk's in Wilmington, Delaware; Hancock Fabrics in Wilmington, Delaware; Herman's Sporting Goods in Trenton, New Jersey; KB Toys in Wilmington, Delaware; Lamont's Apparel in Seattle, Washington; Lenox Sales in New York, New York; Liberty House in Honolulu, Hawaii; Marty's Shoes in Wilmington, Delaware; Mervyn's in Wilmington, Delaware; Montgomery Ward in Wilmington, Delaware; Ritz Camera Centers in Wilmington, Delaware; Sports Collectibles in Wilmington, Delaware; Sportstown in Atlanta, Georgia; Stage Stores in Houston, Texas; Steve & Barry's in New York, New York; Today's Man in Wilmington, Delaware; Troutman's Emporium in Eugene, Oregon; and Weiners Stores in Wilmington, Delaware.  Accordingly, Cooley's expertise is well established and known and should enable fees to be minimized in these proceedings.

4.    Prior to commencement of this chapter 11 case, the Debtor sought the services of Cooley with respect to, among other things, advice regarding restructuring matters and preparation for a possible filing of a chapter 11 case.  In this regard, Cooley has performed extensive legal work for the Debtor in connection with its ongoing restructuring efforts including, but not limited to, financing and creditor issues.  As a result of representing the Debtor on such matters, Cooley has acquired extensive knowledge of the Debtor and its businesses and is familiar with the Debtor's capital structure, corporate structure, financing documents and other material agreements.

<u>**SERVICES TO BE RENDERED**</u>

5.    The Debtor has requested that Cooley render various services to the Debtor including, among others, the following:

(a)    advising the Debtor with respect to its powers and duties as debtor and debtor in possession in the continued management and operation of its businesses and properties;

(b)    attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

(c)    taking all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on behalf of the Debtor's estate, the defense of any actions commenced against the estate, negotiations concerning litigation in which the Debtor may be involved, and objections to claims filed against the estate;

(d)    preparing, on behalf of the Debtor, motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

(e)    preparing and negotiating on the Debtor's behalf plan(s) of reorganization, disclosure statement(s) and all related agreements and/or documents and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan(s);

(f)    advising the Debtor in connection with any sale of assets;

3

(g)    performing other necessary legal services and providing other necessary legal advice to the Debtor in connection with this chapter 11 case; and

(h)    appearing before this Court, any appellate courts and the U.S. Trustee, and protecting the interests of the Debtor's estate before such courts and the U.S. Trustee.

6.    Subject to this Court's approval of the Application, Cooley is willing to serve as the Debtor's counsel and to perform the services described above.

## DISINTERESTEDNESS OF COOLEY

7.    To the best of my knowledge, the members, counsel and associates of Cooley (a) do not have any connection with the Debtor or its affiliates, its creditors or any other party in interest, or their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the same, or any judge in the Bankruptcy Court or the United States District Court for the Southern District of New York or any person employed in the offices of the same; (b) are "disinterested persons," as that term is defined in Bankruptcy Code section 101(14); and (c) do not hold or represent any interest adverse to the estate.

8.    Cooley's conflict check system (the "Conflict Check System") is a computerized database of current and former clients and adverse and related parties that is regularly maintained and updated in the course of the Firm's business.  These procedures are designed to include every matter on which the Firm is now or has been engaged, by which entity the Firm is now or has been engaged, and, in each instance, to include and record the identity of related parties and adverse parties and the attorney in the Firm that is knowledgeable about the matter.  It is Cooley's policy that that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the Conflict Check System the information necessary to check such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties.  Accordingly, the database is

regularly updated for every new matter undertaken by Cooley and reflects entries that are noted in the systems at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.  As a partner of the Firm, I regularly send information to update the Conflict Check System and use and rely upon the information contained in the system in the performance of my duties at Cooley and in my practice of law.

<u>**Cooley's Connections With the Debtor and Other Related Parties**</u>

9.    Except as otherwise set forth herein, the members and associates of Cooley (i) do not have any connection with the Debtor, the Debtor's creditors, or any other party in interest, or their respective attorneys and accountants, and (ii) pursuant to the Bankruptcy Code, do not represent any other entity having an adverse interest in connection with this chapter 11 case.

10.    Cooley has represented, currently represents, and in the future likely will represent certain creditors of the Debtor and other parties in interest in matters unrelated to the Debtor, the Debtor's case or such entities' claims against or interests in the Debtor.  Prior to the commencement of this chapter 11 case, Cooley conducted a disclosure review with respect to the Debtor and the most significant parties in interest in the Debtor's case.  With respect to all parties in interest whom Cooley currently represents or has represented, all matters are unrelated to the Debtor.

11.    Cooley has rendered services to the current and former clients within the past two (2) years described below, or their affiliates, in matters totally unrelated to the Debtor:

| Matched Entity | Relationship to Debtor | Relationship to Cooley |
|---|---|---|
| Valvoline | Subsidiary of Ashland, Inc., one of the Debtor's vendors | Current Client |
| Boston Properties | Landlord | Current Client |
| Taubman Co. LLC | Landlord | Current Client |
| Forest City Management, LLC | Landlord | Current Client |
| Wells Fargo Business Credit | Factor | Affiliate of Current Client and Former Client |
| Iridium Industries, Inc. | Vendor | Possible Affiliate of Current Client |
| GS Inc. | Vendor | Possible Affiliate of Current Client |
| Unisource – Boston | Vendor | Possible Affiliate of Current Client |
| CIT Group | Factor | Current Client |
| Paetec | Vendor | Possible Affiliate of Current Client |
| Verizon | Vendor | Current Client and Affiliate of Former Client |
| Adorama, Inc. | Vendor | Former Client |
| Pinault Printemps Redoute | Vendor | Former Client |
| International Paper | Vendor | Former Client |
| General Electric Credit Equities | Landlord | Affiliate of Former Client |
| GHP (Gist and Herlin Press) | Vendor | Possible Affiliate of Current Client |
| Thor Specialties, Inc. | Vendor | Possible Affiliate of Current Client |
| American Express | Vendor | Current Client and Affiliate of |

| Matched Entity | Relationship to Debtor | Relationship to Cooley |
|---|---|---|
|  |  | Former Client |
| Intech, Inc. | Vendor | Possible Affiliate of Former Client |
| VWR International, Inc. | Vendor | Former Client |
| 3V, Inc. | Vendor | Current Client |

12.    Cooley has not, does not, and will not represent any of the current clients or their respective affiliates or subsidiaries in the Debtor's chapter 11 case or in other matters directly adverse to the Debtor during the pendency of this chapter 11 case.

13.    Cooley's representation of the above entities will not affect the Firm's representation of the Debtor in this case.  Cooley does not represent the above entities in any matters adverse or related to the Debtor in the chapter 11 case.

14.    Cooley is one of the larger law firms in the country, employing approximately 650 lawyers and has a diverse client base.  Each of Cooley's clients is treated as a separate legal entity, and bills are prepared and sent on such basis.  Nevertheless, to make for as complete a disclosure as possible, for purposes of this declaration, when applicable, I will also identify the value of time billed to clients on an aggregate basis who have a connection with the Debtor.  During the twelve-month period ending April 30, 2009, no client set forth herein accounted for more than one percent of Cooley's total value of time billed to client matters during that period.

15.    Cooley continues to engage in further inquiry regarding the Debtor's constituencies and, if appropriate, will either promptly file a supplemental disclosure with the

Court prior to the return date of this Application or as soon as the results of this inquiry are obtained.

16.     Except as otherwise set forth herein, to the best of my knowledge:

(a)    Neither Cooley nor any attorney at the Firm holds or represents an interest adverse to the Debtor's estate.

(b)    Neither Cooley nor any attorney at the Firm is or was a creditor or an insider of the Debtor, except that Cooley previously has rendered legal services to the Debtor for which it has been compensated as disclosed below.

(c)    Neither Cooley nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtor.

(d)    Cooley does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor specified in the foregoing paragraphs, or for any other reason.

17.     In view of the foregoing, Cooley is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

18.     Prior to the Petition Date, Cooley submitted invoices for professional fees and expenses to the Debtor for work performed on behalf of the Debtor.  The Debtor rendered payment to Cooley prior to the Petition Date in the approximate sum of $351,950.33 in the ordinary course of business on account of fees and expenses incurred during the one-year period from June 29, 2008 through June 29, 2009.  Prior to the Petition Date, Cooley received the sum of $100,000 from the Debtor to hold as a retainer to pay fees and disbursements of Cooley which may remain unpaid during the course of this chapter 11 case.

19.     During the course of this chapter 11 case, Cooley will invoice the Debtor no less frequently than monthly for services rendered and charges and disbursements incurred.

Such invoices will constitute a request for interim payments against the Firm's reasonable fees to be determined at the conclusion of the case.

20.     For professional services, Cooley's fees are based in part on its standard hourly rates, which are periodically adjusted.  Cooley will be providing professional services to the Debtor under a modified version of its rate schedules and, therefore, Cooley will not be seeking to be separately compensated for certain staff and clerical personnel who also record time spent working on matters.  The hourly rates charged by Cooley in connection with this matter are set forth in **Exhibit A** hereto.  The hourly rates above are subject to periodic increases in the normal course of the Firm's business, often due to the increased experience of the particular professional.

21.     As an accommodation to the Debtor and in an effort to reduce fees in this case, certain of the hourly rates as set forth in Exhibit A hereto reflect a voluntary reduction from the Firm's standard hourly rates for work of this nature.  Specifically, Cooley has agreed to voluntary reduce fees for timekeepers at the counsel and partner levels in the amount of between fifteen percent and twenty percent of Cooley's standard hourly rates.  The remaining hourly rates as set forth in Exhibit A hereto are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate Cooley fairly for the work of its attorneys and legal assistants and to cover the fixed and routine overhead expenses. Consistent with the Firm's policy with respect to its other clients, Cooley will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursement include, among others, costs of telephone charges, photocopying (at a reduced rate of $0.10 per page for black-and-white copies and a higher

commensurate charge for color copies), travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

22.    Cooley intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in this chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and orders of this Court. Cooley will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current standard rate charged for such services on a nonbankruptcy matter.

23.    Cooley has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in this chapter 11 case.

24.    Other than as set forth herein, no arrangement is proposed between the Debtor and Cooley for compensation to be paid in this case.

25.    Except for sharing arrangements among Cooley and its respective members, Cooley has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

26.    Other than set forth above, as of the date of this Declaration, I am not aware of the existence of any claims, or potential claims, against any of the interested parties. Accordingly, the Firm has not obtained conflict waivers from any creditors of the Debtor or other

interested parties that the Firm currently represents on matters unrelated to the Debtor or the chapter 11 case.

        27.    Cooley has instituted and is carrying on further inquiries of its partners and associates with respect to the matters contained herein.  Cooley will file supplemental declarations regarding this retention if any additional relevant information comes to its attention. Additionally, as a matter of retention and disclosure policy, Cooley will periodically review its past and present relationships with entities materially participating in this case from time to time and will file a supplemental disclosure affidavit, if warranted.

        I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 1st day of July, 2009.

COOLEY GODWARD KRONISH LLP


By: /s/ Lawrence C. Gottlieb
    Lawrence C. Gottlieb, Esq.

## EXHIBIT A

## HOURLY RATES

| Attorney | Status | Hourly Rate |
|----------|--------|-------------|
| Lawrence C. Gottlieb | Partner | $695[1] |
| Cathy Hershcopf | Partner | $595 |
| Jeffrey L. Cohen | Associate | $555 |
| Richelle Kalnit | Associate | $435 |
| Nicholas Santoiemma | Associate | $295 |
| Rebecca Goldstein | Paralegal | $225 |

---

[1] As an accommodation to the Debtor and in an effort to reduce fees in this case, Cooley has agreed to voluntary reduce fees for timekeepers at the counsel and partner levels in the amount of between fifteen percent and twenty percent of Cooley's standard hourly rates.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------- x
                                                              :
In re                                                         :     Chapter 11
                                                              :
CRABTREE & EVELYN, LTD.,                                       :     Case No. 09-_____ (___)
                                                              :
            Debtor.                                           :
                                                              :
------------------------------------------------------------- x
```

### ORDER UNDER BANKRUPTCY CODE SECTIONS 327(a) AND 328 AND BANKRUPTCY RULES 2014 AND 2016 AUTHORIZING EMPLOYMENT AND RETENTION OF COOLEY GODWARD KRONISH LLP AS ATTORNEYS FOR DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[1] of the above-captioned debtor and

debtor in possession (the "Debtor"),[2] for entry of an order under sections 327(a) and 328 of the

Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1,

authorizing the Debtor to employ and retain the law firm of Cooley Godward Kronish LLP

("Cooley") under a general retainer as their attorneys; and the Court having reviewed the

Application, the Declaration of Lawrence C. Gottlieb (the "Gottlieb Declaration"), a member of

Cooley; and the Court being satisfied with the representations made in the Application and the

Gottlieb Declaration that Cooley represents no interest adverse to the Debtor's estate, that it is a

disinterested person as that term is defined under section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code, that its employment is necessary and in the

best interests of the Debtor's estate, creditors, and other parties in interest; and it appearing that

proper and adequate notice has been given and that no other or further notice is necessary; and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

[2] The last four digits of the Debtor's federal tax identification number are 1685.

upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby,

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtor, as debtor and debtor in possession, is authorized to employ and retain Cooley as its attorneys under a general retainer as of the Petition Date to perform the services set forth in the Application; and it is further

ORDERED that Cooley shall be compensated as delineated in the Gottlieb Declaration and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

ORDERED that notice of the Application as provided herein shall be deemed good and sufficient notice of such Application.

Dated: _____, 2009
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE