COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb
Jeffrey L. Cohen
Richelle Kalnit

Proposed Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
: 
**In re** : **Chapter 11**
: 
**CRABTREE & EVELYN, LTD.,** : 
: **Case No. 09-_____ (___)**
    **Debtor.** : 
: 
---------------------------------------------------------------- x

**MOTION PURSUANT TO SECTIONS 105(a),
342(a), AND 521(a)(1) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 1007(a) AND 2002(a), (f), AND (l) AND
LOCAL BANKRUPTCY RULE 1007-1 FOR (I) WAIVER OF REQUIREMENT
TO FILE LIST OF CREDITORS AND (II) AUTHORITY TO ESTABLISH
PROCEDURES TO NOTIFY CREDITORS OF THE COMMENCEMENT OF THE
DEBTOR'S CHAPTER 11 CASE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Crabtree & Evelyn, Ltd., as debtor and debtor in possession (the "Debtor"),[1]

respectfully represents:

## BACKGROUND

### General

1. On the date hereof (the "Petition Date"), the Debtor commenced with this

Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy

---

[1] The last four digits of the Debtor's federal tax identification number are 1685.

Code"). The Debtor is authorized to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

**The Debtor's Businesses**

2. Crabtree & Evelyn has evolved from a small, entrepreneurial business, to a company with worldwide manufacturing and distribution capabilities, worldwide distribution channels and 126 retail locations in the United States, making it well-known and respected for its English-style elegance. Through a multi-channel sales strategy, including sales through retail, wholesale, export, affiliate and internet channels, the Debtor manufactures and distributes its products worldwide.

3. Founded as a purveyor of fine soaps from around the world, products were first sold under the Crabtree & Evelyn name starting in approximately 1972.[2] During nearly four decades Crabtree & Evelyn has expanded its product offerings from fine soaps to include personal care products and related accessories, fragrances, comestibles (*i.e.*, food products including cookies, teas and jams), products for the home and gift arrangements. The Debtor also sells Vera Bradley (purses and related accessories) products in its retail store locations. Crabtree & Evelyn manufactures and distributes more than twenty-five product lines, including LaSource®, Gardeners, India Hicks Island Living® and Naturals and its products have been frequently mentioned in numerous magazines, including Vogue, Glamour, and Lucky. In 1977, Crabtree & Evelyn opened its first retail store, and its retail business has gradually expanded to include a manufacturing and distribution facility, as well as 126 stores in the United States. In 1996, Kuala Lumpur Kepong Berhad purchased 100 percent of the equity of the Debtor. The

---

[2] The name of the Debtor is inspired from (i) the crabapple tree, the original species from which all cultivated apple trees have derived, and (ii) John Evelyn, the seventeenth century renaissance Englishman, who wrote one of the first works on conservation of forests and timber.

Debtor is incorporated in Connecticut, and its headquarters, distribution center, manufacturing facility, and warehouse are located in Woodstock, Connecticut.

4.  The Debtor's primary assets include inventory, contract rights, intellectual property rights, and accounts receivable for goods sold. The Debtor also owns its headquarters, manufacturing facility, distribution center and warehouse in Woodstock, Connecticut. In addition, the Debtor leases a significant number of retail stores located in 34 states.

## JURISDICTION

5.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6.  By this motion (the "Motion"), the Debtor requests (i) a waiver of the obligation to file a list of creditors on the Petition Date as required by section 521(a)(1) of the Bankruptcy Code, Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and General Orders M-133, M-137, M-138 and M-192 (the "Standing Orders") of the United States Bankruptcy Court for the Southern District of New York (collectively, the "Notice Rules") and (ii) authority to implement certain procedures (the "Procedures") for notifying creditors of the commencement of the chapter 11 case and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code. As set forth more fully below, the Procedures establish guidelines for the mailing and publication of the notice of commencement of this case, which notice is annexed hereto as **Exhibit A** (the "Notice of Commencement").

## BASIS FOR RELIEF REQUESTED

### Notice to Creditors

7.  Pursuant to the Notice Rules, a chapter 11 petition must be accompanied by a list of creditors unless schedules of assets and liabilities are filed simultaneously with the petition. Because the Debtor believes that there are thousands of parties in interest in this chapter 11 case, the Schedules and Statements (defined below) will not be filed on the Petition Date. Rather, contemporaneously herewith, the Debtor has filed a motion seeking an extension of the time to file its schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements"). Bankruptcy Rule 1007(a)(5) permits the Court to extend the time for the Debtor to file the list of creditors.

8.  The Debtor has concurrently filed a motion to retain and employ Epiq Bankruptcy Solutions LLC (the "Notice and Claims Agent") as notice and claims processing agent in this chapter 11 case. The request to retain the Notice and Claims Agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside service providers to give notices and other administrative information to parties in interest so long as the cost of such services are paid for out of the assets of the estate. See 28 U.S.C. § 156(c). Under the Procedures, and pursuant to section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), as soon as practicable after entry of an order granting the relief requested herein, the Debtor will furnish its list of creditors to its Notice and Claims Agent so that the Notice and Claims Agent may undertake the mailing of the Notice of Commencement to the parties on the Debtor's list of creditors. Creditors will be notified of the commencement of this case through their receipt of the Notice of Commencement.

9. Given that the Notice and Claims Agent will receive a list of creditors and will use the list to furnish the Notice of Commencement to creditors, filing a list of creditors concurrently with the Debtor's petition will serve no useful purpose. Pursuant to the Standing Orders as incorporated by Local Rule 1007-1, the Debtor will soon confer with the Clerk of the Court for permission not to file a list of creditors. The Debtor anticipates this request will be granted and that the Clerk will instruct the Debtor to instead provide the list of creditors to the Notice and Claims Agent, as proposed herein. As a result of the foregoing, the Debtor submits that the requirement to file a list of creditors should be waived.

10. Bankruptcy Rule 2002(a) provides in relevant part that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustee at least 20 days' notice by mail of the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Furthermore, Bankruptcy Rule 2002(f) provides that notice of the order for relief shall be sent by mail to all creditors.

11. In light of the requirement to notify parties in interest of the commencement of this chapter 11 case and the meeting of creditors, the Debtor seeks authority to have its Notice and Claims Agent undertake the mailing of the Notice of Commencement to creditors.

**Implementation of the Procedures Is in the Best
Interests of the Debtor and Its Estate and Creditors**

12. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtor submits that implementation of the Procedures is appropriate in this chapter 11 case and will provide adequate notice of commencement to all creditors. The proposed notice by mail and publication will ensure that parties in interest receive

prompt notice of the commencement of this chapter 11 case. Furthermore, the process of notifying creditors of the commencement of this chapter 11 case by a mailing of the Notice of Commencement by a notice and claims agent has been employed in many other large chapter 11 cases in this District. See, e.g., In re Lenox Sales, Inc., *et al.*, Case No. 08-14679 (ALG) (Bankr. S.D.N.Y. Nov. 25, 2008); In re Steve & Barry's Manhattan LLC, Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. July 10, 2008); In re Lexington Precision Corp., Case No. 08-11153 (MG) (Bankr. S.D.N.Y. April 2, 2008); In re PRC, LLC, Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Jan. 25, 2008); In re Atkins Nutritionals, Inc., *et al.*, Case No. 05-15913 (ALG) (Bankr. S.D.N.Y. Aug. 1, 2005); In re Acterna Corp., *et al.*, Case No. 03-12837 (BRL) (Bankr. S.D.N.Y. May 6, 2003); In re WorldCom, Inc., *et al.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. July 22, 2002); In re Enron Corp., *et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Dec. 3, 2001).

13. Finally, the proposed Procedures are beneficial to the Debtor's estate and to the Debtor's creditors because they provide actual notice to all parties in interest in an efficient and cost-effective manner.

14. Based upon the foregoing, the Debtor submits that the relief requested herein is essential, appropriate, and in the best interests of the Debtor's estate, creditors, and all parties in interest, and therefore should be granted in this chapter 11 case.

## **NOTICE**

15. The Debtor has served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York (Attn: Serene Nakano, Esq.), (ii) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, the Debtor's prepetition lender and proposed postpetition lender, and (iii) the Debtor's 40 largest unsecured creditors. In

light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and appropriate.

Dated: July 1, 2009
     New York, New York

Respectfully submitted,

By: /s/ Lawrence C. Gottlieb
    Lawrence C. Gottlieb

COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb (LG 2565)
Jeffrey L. Cohen (JC 2556)
Richelle Kalnit (RK 3728)

Proposed Attorneys for Debtor and Debtor in Possession

# EXHIBIT A

# NOTICE OF COMMENCEMENT

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| **In re:**<br>**CRABTREE & EVELYN, LTD.,**<br>Debtor. | **Chapter 11 Case No:**<br>**09-\_\_\_\_ ( )** |

| NOTICE OF CHAPTER 11 BANKRUPTCY CASE, MEETING OF CREDITORS, AND DEADLINES |
|---|
| A chapter 11 bankruptcy case concerning the debtor listed below was filed on July 1, 2009. You may be a creditor of the debtor. **This notice lists important deadlines**. You may want to consult an attorney to protect your rights. All documents filed with the Court, including lists of the debtor's properties and debts, are available for inspection at the office of the clerk of the Bankruptcy Court and the Court's website, www.nysb.uscourts.gov. Note that a PACER password is needed to access documents on the Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). |

| **Name of Debtor** | **Case Number** | **Tax Identification Number** |
|---|---|---|
| Crabtree & Evelyn, Ltd. | 09-\_\_\_\_ ( ) | 04-2481685 |
| | | |

**OTHER NAMES USED BY THE DEBTOR IN THE PAST 8 YEARS**: Windham Manufacturing, Ltd.

| **Attorneys for Debtor and Debtor in Possession**<br><br>COOLEY GODWARD KRONISH LLP<br><br>1114 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 479-6000<br>Facsimile: (212) 479-6275<br>Lawrence C. Gottlieb, Esq. | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS**<br><br>**PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**<br><br>July 28, 2009 at 3:00 p.m. (prevailing Eastern Time)<br>80 Broad Street, Second Floor<br>New York, New York 10004 |
|---|---|

| **DEADLINE TO FILE A PROOF OF CLAIM** |
|---|
| None at this time. When the Court sets a claims deadline, you will be notified and provided a proof of claim form by mail. |
| **DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**<br>_____ \_\_, 2009 at \_\_:\_\_ \_.m. (prevailing Eastern Time) |

| **CREDITORS MAY NOT TAKE CERTAIN ACTIONS**<br>**IN MOST INSTANCES, THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTOR AND THE DEBTOR'S PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTOR CAN REQUEST THE COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTOR TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTOR TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTOR, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.** |
|---|

| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Court by the debtor named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate its business. |
|---|---|
| **Legal Advice** | The staff of the bankruptcy clerk's office or the United States Trustee's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtor by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The debtor's representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States Trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Notice | You will not receive notice of all documents filed in this chapter 11 case. On [_____], 2009, the Court entered its Order Implementing Notice and Case Management Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in this chapter 11 case. All parties who desire to participate in this chapter 11 case must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Court in this case, including lists of the Debtor's property and debts, by: (i) contacting the Clerk of the Court at One Bowling Green, New York, New York 10004-1408, or (ii) accessing the Court's website at www.nysb.uscourts.gov (note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim that is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in this case. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in this case or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed above. The bankruptcy clerk's office must receive the objection by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office and the Court's Internet Website at www.nysb.uscourts.gov. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court,<br>One Bowling Green, New York, New York 10004 | For the Court:<br>Clerk of the Bankruptcy Court<br>Hours Open: 8:30 a.m. – 5:00 p.m. |
|---|---|

**Refer to the other side for Important Deadlines and Notices.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
: 
In re                                                         :  **Chapter 11**
                                                              :
CRABTREE & EVELYN, LTD.,                                      :  Case No. 09-_____ (___)
                                                              :
    Debtor.                                                   :
                                                              :
------------------------------------------------------------- x

**ORDER PURSUANT TO SECTIONS 105(a), 342(a), AND 521(a)(1) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 1007(a) AND 2002(a), (f), AND (l) AND LOCAL BANKRUPTCY RULE 1007-1 FOR (I) WAIVER OF REQUIREMENT TO FILE LIST OF CREDITORS AND EQUITY SECURITY HOLDERS AND (II) AUTHORITY TO ESTABLISH PROCEDURES FOR NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE DEBTOR'S CHAPTER 11 CASE**

Upon the motion, dated July 1, 2009 (the "Motion"),[1] of Crabtree & Evelyn, Ltd., as debtor and debtor in possession (the "Debtor"),[2] pursuant to sections 105(a), 342(a), and 521(a)(1) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(a), 2002(a), (f), and (l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and General Orders M-133, M-137, M-138, and M-192 (the "Standing Orders"), requesting authorization for waiver of the requirement for filing a list of creditors and for authority to establish procedures for notifying creditors of the commencement of this chapter 11 case, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion.

[2] The last four digits of the Debtor's federal tax identification number are 1685.

1546426 v2/NY

consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York (Attn: Serene Nakano, Esq.), (ii) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, the Debtor's prepetition lender and proposed postpetition lender, and (iii) the Debtor's 40 largest unsecured creditors, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that the requirement under section 521(a)(1) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-1, and the Standing Orders that the Debtor file a list of creditors with the Court is waived; and it is further

ORDERED that, as soon as practicable after entry of an order granting the relief requested herein, the Debtor shall furnish the list of creditors to Epiq Bankruptcy Solutions LLC (the "Notice and Claims Agent"), subject to the Court's authorization to engage the Notice and Claims Agent; and it is further

ORDERED that the Debtor, with the assistance of its Notice and Claims Agent, is directed to mail notice of the commencement of this chapter 11 case and of the meeting of

creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement") to all parties on the Debtor's list of creditors; and it is further

ORDERED that the form of Notice of Commencement annexed hereto as **Exhibit A** is approved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

ORDERED that notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

Dated: _____, 2009
      New York, New York

                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# NOTICE OF COMMENCEMENT

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| **In re:**<br>**CRABTREE & EVELYN, LTD.,**<br>Debtor. | **Chapter 11 Case No:**<br>**09-\_\_\_\_\_ ( )** |

| NOTICE OF CHAPTER 11 BANKRUPTCY CASE, MEETING OF CREDITORS, AND DEADLINES |
|---|
| A chapter 11 bankruptcy case concerning the debtor listed below was filed on July 1, 2009. You may be a creditor of the debtor. **This notice lists important deadlines**. You may want to consult an attorney to protect your rights. All documents filed with the Court, including lists of the debtor's properties and debts, are available for inspection at the office of the clerk of the Bankruptcy Court and the Court's website, www.nysb.uscourts.gov. Note that a PACER password is needed to access documents on the Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). |

| **Name of Debtor** | **Case Number** | **Tax Identification Number** |
|---|---|---|
| Crabtree & Evelyn, Ltd. | 09-\_\_\_\_\_ ( ) | 04-2481685 |

**OTHER NAMES USED BY THE DEBTOR IN THE PAST 8 YEARS**: Windham Manufacturing, Ltd.

| **Attorneys for Debtor and Debtor in Possession**<br><br>COOLEY GODWARD KRONISH LLP<br><br>1114 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 479-6000<br>Facsimile: (212) 479-6275<br>Lawrence C. Gottlieb, Esq. | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS**<br><br>**PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**<br><br>July 28, 2009 at 3:00 p..m. (prevailing Eastern Time)<br>80 Broad Street, Second Floor<br>New York, New York 10004 |
|---|---|

| **DEADLINE TO FILE A PROOF OF CLAIM** |
|---|
| None at this time. When the Court sets a claims deadline, you will be notified and provided a proof of claim form by mail. |

| **DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**<br>_____ \_\_, 2009 at \_\_:\_\_ \_.m. (prevailing Eastern Time) |
|---|

| **CREDITORS MAY NOT TAKE CERTAIN ACTIONS**<br>IN MOST INSTANCES, THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTOR AND THE DEBTOR'S PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTOR CAN REQUEST THE COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTOR TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTOR TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTOR, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE. |
|---|

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Court by the debtor named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate its business. |
| **Legal Advice** | The staff of the bankruptcy clerk's office or the United States Trustee's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtor by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The debtor's representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States Trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Notice | You will not receive notice of all documents filed in this chapter 11 case. On [_____], 2009, the Court entered its Order Implementing Notice and Case Management Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in this chapter 11 case. All parties who desire to participate in this chapter 11 case must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Court in this case, including lists of the Debtor's property and debts, by: (i) contacting the Clerk of the Court at One Bowling Green, New York, New York 10004-1408, or (ii) accessing the Court's website at www.nysb.uscourts.gov (note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim that is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in this case. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in this case or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed above. The bankruptcy clerk's office must receive the objection by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office and the Court's Internet Website at www.nysb.uscourts.gov. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

| | |
|---|---|
| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court,<br>One Bowling Green, New York, New York 10004 | For the Court:<br>Clerk of the Bankruptcy Court<br>Hours Open: 8:30 a.m. – 5:00 p.m. |

**Refer to the other side for Important Deadlines and Notices.**