COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb
Jeffrey L. Cohen
Richelle Kalnit

Proposed Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
: 
**In re**                                                          :     **Chapter 11**
:
**CRABTREE & EVELYN, LTD.,**                  :     **Case No. 09-_____ (___)**
:
            **Debtor.**                                    :
:
------------------------------------------------------------- x

### MOTION OF THE DEBTOR PURSUANT TO SECTIONS 105(a), 365 AND 554(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO ESTABLISH PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND ABANDONMENT OF RELATED PERSONAL PROPERTY

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Crabtree & Evelyn, Ltd., as debtor and debtor in possession (the "Debtor"),[1]

respectfully represents:

### BACKGROUND

#### General

1.       On the date hereof, the Debtor commenced with this Court a voluntary

case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor

is authorized to operate its businesses and manage its properties as debtor in possession pursuant

---

[1] The last four digits of the Debtor's federal tax identification number are 1685.

to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory creditors' committee has been appointed in this chapter 11 case.

## The Debtor's Businesses

2. Crabtree & Evelyn has evolved from a small, entrepreneurial business, to a company with worldwide manufacturing and distribution capabilities, worldwide distribution channels and 126 retail locations in the United States, making it well-known and respected for its English-style elegance. Through a multi-channel sales strategy, including sales through retail, wholesale, export, affiliate and internet channels, the Debtor manufactures and distributes its products worldwide.

3. Founded as a purveyor of fine soaps from around the world, products were first sold under the Crabtree & Evelyn name starting in approximately 1972.[2] During nearly four decades Crabtree & Evelyn has expanded its product offerings from fine soaps to include personal care products and related accessories, fragrances, comestibles (*i.e.*, food products including cookies, teas and jams), products for the home and gift arrangements. The Debtor also sells Vera Bradley (purses and related accessories) products in its retail store locations. Crabtree & Evelyn manufactures and distributes more than twenty-five product lines, including LaSource®, Gardeners, India Hicks Island Living® and Naturals and its products have been frequently mentioned in numerous magazines, including Vogue, Glamour, and Lucky. In 1977, Crabtree & Evelyn opened its first retail store, and its retail business has gradually expanded to include a manufacturing and distribution facility, as well as 126 stores in the United States. In 1996, Kuala Lumpur Kepong Berhad purchased 100 percent of the equity of the Debtor. The

---

[2]     The name of the Debtor is inspired from (i) the crabapple tree, the original species from which all cultivated apple trees have derived, and (ii) John Evelyn, the seventeenth century renaissance Englishman, who wrote one of the first works on conservation of forests and timber.

Debtor is incorporated in Connecticut, and its headquarters, distribution center, manufacturing facility, and warehouse are located in Woodstock, Connecticut.

4.      The Debtor's primary assets include inventory, contract rights, intellectual property rights, and accounts receivable for goods sold.  The Debtor also owns its headquarters, manufacturing facility, distribution center and warehouse in Woodstock, Connecticut.  In addition, the Debtor leases a significant number of retail stores located in 34 states.

## JURISDICTION

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6.      The Debtor is in the process of reviewing its Contracts and Leases (as defined below).  The Debtor expects that, as this review continues, it will, in its business judgment, determine that it is in the best interest of the estate to reject certain Contracts and Leases.  Accordingly, by this Motion, the Debtor seeks entry of an order pursuant to sections 105(a) and 365 of the Bankruptcy Code authorizing (i) the Debtor to use the proposed procedures for the rejection of Contracts and Leases (the "Rejection Procedures"), and (ii) the Debtor to take actions as may be necessary and appropriate to implement and effectuate the Rejection Procedures as approved by this Court, including the abandonment of personal property in connection with rejection of real estate Leases pursuant to section 554(a) of the Bankruptcy Code.  The Debtor believes that the Rejection Procedures are necessary to efficiently reject Contracts and Leases in the future and to avoid the otherwise significant administrative costs attendant with filing multiple motions for the same relief.

**The Contracts and Leases**

7.      The Debtor is a party to hundreds of contracts and leases, including numerous unexpired real property leases, personal property leases, and other executory contracts (the "Leases" or "Contracts", as the case may be), with vendors who, among other things, lease property, perform services, or deliver goods.

**The Proposed Rejection Procedures**

8.      In connection with the commencement and continuation of this case, the Debtor continues to review its Leases and Contracts and analyze the same.  Consistent with the practice in large chapter 11 cases and in an effort to conserve the resources of this estate, the Debtor seeks approval of the procedures described below to facilitate an expeditious and efficient process for rejecting designated Leases and Contracts.

9.      The Debtor respectfully requests that the Court authorize, but not require, the Debtor to reject any or all of its Contracts or Leases, pursuant to Bankruptcy Code section 365(a), as an appropriate exercise of its business judgment through the following procedures:

(a)      The Debtor will file on the docket for this chapter 11 case a notice (the "Rejection Notice") setting forth the proposed rejection of one or more Contracts and/or Leases,[3] and will serve the Rejection Notice via Federal Express or other overnight mail delivery service and fax or email (where available) on: (i) the non-Debtor party under the respective Lease or Contract at the last known address available to the Debtor, (ii) counsel for the statutory committee of unsecured creditors appointed in this chapter 11 case, (iii) the United States Trustee for the Southern District of New York, and (iv) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, the Debtor's prepetition lender and proposed postpetition lender (collectively, the "Rejection Notice Parties").

---

[3]  Consistent with Rule 6006(f) of the Federal Rules of Bankruptcy Procedure, no more than 100 executory contracts or unexpired leases will be contained on any one Rejection Notice.

(b)     The Rejection Notice shall be substantially in the form of **Exhibit A** annexed hereto. With respect to real property Leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtor's information: (i) the street address of real property that is the subject of the Lease (if applicable), (ii) the monthly rental obligation, (iii) the remaining term of the Lease, and (iv) the name and address of the affected landlord. With respect to personal property Leases and Contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtor's information: (i) the name and address of the contract counterparty, and (ii) a brief description of the Contract to be rejected.

(c)     Should a party in interest object to the proposed rejection of a Contract or Lease, such party must file and serve a written objection so that such objection is filed with this Court and actually received by the Debtor and the Rejection Notice Parties as set forth in the Rejection Notice no later than ten (10) days after the date that the Debtor served the Rejection Notice.

(d)     If no timely objection is filed and served with respect to a Rejection Notice, the Debtor shall file with the Court a certificate of no objection along with a Rejection Order. The Rejection Order shall provide, *inter alia*, that the rejection of such Contract or Lease shall be deemed effective as of the date set forth in the applicable Rejection Notice, or, if no such date is set forth therein, the date the Rejection Notice is filed with the Court (the "Rejection Date").[4]

(e)     If a timely objection is properly filed and served on the Debtor and the Rejection Notice Parties as specified above, and unless the parties otherwise agree in writing, the Debtor will schedule a hearing to consider the objection. If the objection is overruled by the Court or withdrawn, the rejection of the affected Contract or Lease shall be deemed effective either (a) as of the Rejection Date, or (b) as otherwise determined by the Court in any order overruling such objection.

(f)     If the Debtor has deposited monies with a Lease or Contract counterparty as a security deposit or other arrangement, such Lease or Contract counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court.

---

[4] With respect to the rejection of a real property Lease, the rejection effective date will not occur until such time as the Debtor has vacated the premises and returned the keys to the affected landlord.

(g) If an affected lessor or counterparty or any other party in interest (the "Rejection Claimant") asserts a claim or claims against the Debtor arising from the rejection of a Contract or Lease, such Rejection Claimant shall submit a proof of claim to the Debtor's claims and noticing agent, Epiq Bankruptcy Solutions, LLC, on or before the date that is the later of (i) 30 days after the date an order is entered approving the rejection of the Contract or Lease, or (ii) the bar date for general unsecured claims to be established in this case. If a Rejection Claimant does not timely file such proof of claim, such claimant shall be forever barred from asserting a claim for such rejection damages.

(h) The Debtor also requests authority to remove any property from the premises that are the subject of any rejected Lease, consistent with the Debtor's ownership rights or other property interests therein, personal property that the Debtor has installed in or about the leased premises (*i.e.*, fixtures, furniture, equipment, and other property) that is either owned by the Debtor, leased by the Debtor from third parties, or subject to any equipment financing agreements with third parties. Moreover, to the extent that the Debtor determines that any interest of the Debtor in such property has little or no value or that the preservation thereof will be burdensome to its estate compared with the expense of removing and storing such property, the Debtor requests authority to abandon, in its sole discretion, such property remaining at the premises subject to a rejected Lease as of the Rejection Date. No personal property subject to a true lease shall be abandoned without first rejecting the applicable Lease. If such a Lease is rejected, the automatic stay shall be deemed modified to permit the respective personal property lessor to recover such abandoned property within fifteen (15) days of abandonment. In the event the Debtor proposes to abandon property, the foregoing notice and objection procedures will apply and the Rejection Notice will set forth a description of the property proposed to be abandoned, as required by Rule 6007-1 of the Local Bankruptcy Rules for the Southern District of New York. Absent a timely objection filed in accordance with these Rejection Procedures, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code as of the Rejection Date and, except as set forth above, the landlord(s) may dispose of such abandoned property without liability to any third party claiming an interest in such abandoned property.

10. In connection with the foregoing Rejection Procedures, the Debtor also requests that it be authorized to execute and deliver all instruments and documents, and take such

other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures as approved by this Court and that entry of the requested order be without prejudice to the Debtor's right to seek further, other, or different relief regarding the Leases and Contracts.

11.    The proposed Rejection Procedures will streamline the Debtor's ability to reject burdensome Contracts and Leases that provide no benefit to the Debtor's estate, and thereby minimize unnecessary post-petition obligations, while also providing Contract and Lease counterparties with adequate notice of the rejection of any such Lease or Contract and an opportunity to object to such rejection within a reasonable time period.  Accordingly, the Debtor respectfully submits that the Rejection Procedures should be approved as they balance the respective interests of the parties, are an appropriate exercise of the Debtor's business judgment and constitute a common form of relief in many bankruptcy cases in this and other jurisdictions.

<u>**Cause Exists to Establish Rejection Procedures**</u>

12.    Section 365 of the Bankruptcy Code empowers a debtor in possession to, subject to court approval, reject any executory contract or unexpired lease of the debtor. 11 U.S.C. § 365(a).  In determining whether the rejection of an unexpired lease or executory contract should be authorized, courts apply the "business judgment" standard. <u>See</u> <u>Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)</u>, 4 F.3d 1095, 1099 (2d Cir. 1993), <u>cert.</u> <u>dismissed</u>, 511 U.S. 1026 (1994).  Rejection is appropriate based solely on the resultant benefit to the estate.  <u>See</u> <u>In re Stable News Assoc., Inc.</u>, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984).  Therefore, the business judgment standard is satisfied when a debtor determines that rejection will benefit the estate.  <u>See</u> <u>In re Child World, Inc.</u>, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992); <u>In re Ionosphere Clubs, Inc.</u>, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989).  <u>See</u> <u>also</u> <u>In re TS Industries, Inc.</u>, 117 B.R. 682, 685 (Bankr. D. Utah 1990); <u>In re Del Grosso</u>, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990).

13.     The Debtor continues to evaluate its Contracts or Leases and may determine that various Contracts and Leases are burdensome and unnecessary to the Debtor's estate. As such, the Debtor seeks approval of the Rejection Procedures to streamline the process of rejecting Leases and Contracts.

14.     The counterparties to the Leases and Contracts will not be prejudiced by the Rejection Procedures because, upon receipt of a Rejection Notice, such counterparties will have received advance notice of the Debtor's intent to reject their respective Lease or Contract and of the effective date of the rejection. See, e.g., In re Mid Region Petroleum, Inc., 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject); In re Carlisle Homes, Inc., 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (debtor may reject executory contract by clearly communicating intention to reject). The Debtor submits that the proposed Rejection Procedures balance the need for reduction of burdensome costs to the Debtor's estate while providing due notice of the proposed rejection to the Contract or Lease counterparties.

15.     With respect to the Debtor's request for authority to abandon property, the Debtor submits that the standard set forth in section 554(a) of the Bankruptcy Code is satisfied. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. §554(a). Before authorizing abandonment of property, a bankruptcy court must find either: (i) the property is burdensome to the estate or (ii) the property is both of inconsequential value and inconsequential benefit to the estate. See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 497 (1986), reh'g denied, 475 U.S. 1091 (1986); In re Texaco, Inc., 90 B.R. 38, 44 (S.D.N.Y. 1988); In re Crowthers McCall Pattern, Inc., 114 B.R. 877, 882 n.7 (Bankr.

S.D.N.Y. 1990).  The personal property proposed to be abandoned in connection with any real property Leases which may be rejected in the future would primarily consist of fixtures, furniture, advertising displays, and other office and store equipment that is (a) of no value or benefit to the Debtor's estate and/or (b) burdensome insofar as the costs of removal and storage of such property is likely to exceed the net proceeds realizable from their sale.

16.    Finally, section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  The Debtor submits that the implementation of the proposed procedures is appropriate in this chapter 11 case and is well within the Court's equitable powers under section 105 of the Bankruptcy Code.  See, e.g., In re Lenox Sales, Inc., et al., Case No. 08-14679 (ALG) (Bankr. S.D.N.Y. May 6, 2009); In re Steve & Barry's Manhattan LLC, et al., Case No. 08-12579 (ALG) (Bankr. S.D.N.Y. Sept. 25, 2008); In re WorldCom, Inc., Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Sept. 24, 2002) (granting similar relief).

## NOTICE

17.    The Debtor has served notice of this Motion on: (i) the Office of the United States Trustee for the Southern District of New York (Attn: Serene Nakano, Esq.), (ii) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, the Debtor's prepetition lender and proposed postpetition lender, and (iii) the Debtor's 40 largest unsecured creditors.  In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

18.    No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as is just and appropriate.

Dated: July 1, 2009
      New York, New York

Respectfully submitted,

By:    /s/ Lawrence C. Gottlieb
        Lawrence C. Gottlieb

COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb (LG 2565)
Jeffrey L. Cohen (JC 2556)
Richelle Kalnit (RK 3728)

Proposed Attorneys for Debtor and Debtor in Possession

# EXHIBIT A

# REJECTION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x

:

In re : **Chapter 11**

:

**CRABTREE & EVELYN, LTD.,**

: **Case No. 09-_____ (___)**

Debtor. :

:

----------------------------------------------------------------- x

**NOTICE OF REJECTION OF**
**EXECUTORY CONTRACTS OR UNEXPIRED LEASES**

      **PLEASE TAKE NOTICE** that, on [_____], 2009, the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an

order (the "Procedures Order") in the above-referenced chapter 11 case of Crabtree & Evelyn,

Ltd., as debtor and debtor in possession (the "Debtor"), among other things, approving

procedures (the "Rejection Procedures") for the rejection of executory contracts and unexpired

leases ("Contracts" or "Leases", as the case may be).

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the

Procedures Order, the Debtor hereby provides notice of its intent to reject the Leases and/or

Contracts listed on Schedule 1 hereto (the "Rejected Contracts and Leases"). Pursuant to the

terms of the Procedures Order, unless a written objection is filed and served in accordance with

the terms of the Procedures Order, the Leases and/or Contracts set forth on **Schedule 1** to this

Rejection Notice will be rejected pursuant to 11 U.S.C. § 365(a), and the following property

shall be abandoned pursuant to 11 U.S.C. § 554(a), effective as of the later of (a) the date of this

Notice, unless otherwise agreed, in writing, by the Debtor and the counterparty to the applicable

Lease or Contract, (b) the date of the surrender of the leased property and keys to the affected

lessor (where applicable), or (c) the effective date otherwise set forth on Schedule 1 (the "Rejection Date").

PLEASE TAKE FURTHER NOTICE that objections, if any, to this Rejection Notice must be filed and served so that such objection is filed with the Bankruptcy Court and **actually received** by the following parties no later than ten (10) days after the date this Rejection Notice is filed with the Bankruptcy Court (i.e., by _____ __, 2009): (i) the Debtor, 102 Peake Brook Road, P.O. Box 167, Woodstock, CT 06281 (Attn.: Colleen Cording, Esq.), (ii) counsel to the Debtor, Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Lawrence C. Gottlieb, Esq. and Richelle Kalnit, Esq.), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Serene Nakano, Esq.), (iv) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, the Debtor's prepetition lender and proposed postpetition lender, and (v) [_____] as counsel for the creditors' committee (collectively, the "Rejection Notice Parties").

PLEASE TAKE FURTHER NOTICE that, if an objection to this Notice is timely filed and served, the Debtor shall seek a hearing on such objection and shall provide notice of such hearing to the objecting party and the Rejection Notice Parties. If such objection is overruled by the Court or withdrawn, the rejection of the Contract or Lease shall be deemed effective (a) as of the Rejection Date, or (b) as otherwise determined by the Court as set forth in any order overruling such objection.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures Order, if the Debtor has deposited monies with the Contract or Lease counterparty as

a security deposit or otherwise, the Contract or Lease counterparty may not setoff or otherwise use such deposit without the prior authorization of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, for any claim that you may assert against the Debtor as a result of the rejection of any Contract or Lease, you must submit a proof of claim for damages arising from such rejection, if any, to Epiq Bankruptcy Solutions, LLC at the following address:

> Crabtree & Evelyn, Ltd., Rejection Damage Claims
> Processing Department
> c/o Epiq Bankruptcy Solutions LLC
> 757 Third Avenue, Third Floor
> New York, New York 10017

on the date that is the later of (i) 30 days after the date an order is entered approving the rejection of the Contract or Lease, or (ii) the bar date for general unsecured claims to be established in this case. If you do not timely file such proof of claim, you shall be forever barred from asserting a claim for damages arising from the rejection of the applicable Lease or Contract.

Dated: _____, 2009
      New York, New York

<u>**Schedule 1**</u>

## NON-RESIDENTIAL REAL PROPERTY LEASES

| Address of Subject Property | Monthly Rental Obligation | Remaining Lease Term | Landlord Name / Address | Effective Date of Rejection |
|---|---|---|---|---|
|  |  |  |  |  |

## PERSONAL PROPERTY LEASES AND CONTRACTS

| Title of Contract | Contract Counterparty (Name / Address) | Description of Contract | Effective Date of Rejection |
|---|---|---|---|
|  |  |  |  |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
                                                          :
In re                                                     :      **Chapter 11**
                                                          :
**CRABTREE & EVELYN, LTD.,**                              :
                                                          :      **Case No. 09-_____ (___)**
          **Debtor.**                                     :
                                                          :
------------------------------------------------------------- x

**ORDER PURSUANT TO SECTIONS 105(a), 365 AND 554(a) OF THE BANKRUPTCY
CODE FOR AUTHORIZATION TO ESTABLISH PROCEDURES
FOR THE REJECTION OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES AND ABANDONMENT OF RELATED PERSONAL PROPERTY**

Upon the motion, dated July 1, 2009 (the "Motion"),[1] of Crabtree & Evelyn, Ltd.,

as debtor and debtor in possession (the "Debtor"),[2] for entry of an order, pursuant to sections

105(a) and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of

the Federal Rules of Bankruptcy Procedure, for authorization to establish procedures for the

rejection of executory contracts and unexpired leases, all as more fully set forth in the Motion;

and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant

to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges

of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting

C.J.); and consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the

Office of the United States Trustee for the Southern District of New York (Attn: Serene Nakano,

Esq.), (ii) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion.

[2] The last four digits of the Debtor's federal tax identification number are 1685.

11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, the Debtor's prepetition lender and proposed postpetition lender, and (iii) the Debtor's 40 largest unsecured creditors, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted to the extent provided herein; and it further

ORDERED that the following procedures (the "Rejection Procedures") for the Debtor's rejection of Leases and Contracts pursuant to section 365(a) of the Bankruptcy Code and abandonment of related personal property pursuant to section 554(a) of the Bankruptcy Code are hereby authorized and approved and established in the Debtor's chapter 11 case:

(a) The Debtor will file on the docket for this chapter 11 case a notice (the "Rejection Notice") setting forth the proposed rejection of one or more Contracts and/or Leases,[3] and will serve the Rejection Notice via Federal Express or other overnight mail delivery service and fax or email (where available) on: (i) the non-Debtor party under the respective Lease or Contract at the last known address available to the Debtor, (ii) counsel for the statutory committee of unsecured creditors appointed in this chapter 11 case, (iii) the United States Trustee for the Southern District of New York, and (iv) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, the Debtor's prepetition lender and proposed postpetition lender (collectively, the "Rejection Notice Parties").

(b) The Rejection Notice shall be substantially in the form of **Exhibit A** annexed hereto. With respect to real property Leases to be

---

[3] Consistent with Rule 6006(f) of the Federal Rules of Bankruptcy Procedure, no more than 100 executory contracts or unexpired leases will be contained on any one Rejection Notice.

2

rejected, the Rejection Notice shall set forth the following information, to the best of the Debtor's information: (i) the street address of real property that is the subject of the Lease (if applicable), (ii) the monthly rental obligation, (iii) the remaining term of the Lease, and (iv) the name and address of the affected landlord. With respect to personal property Leases and Contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtor's information: (i) the name and address of the contract counterparty, and (ii) a brief description of the Contract to be rejected.

(c)     Should a party in interest object to the proposed rejection of a Contract or Lease, such party must file and serve a written objection so that such objection is filed with this Court and actually received by the Debtor and the Rejection Notice Parties as set forth in the Rejection Notice no later than ten (10) days after the date that the Debtor served the Rejection Notice.

(d)     If no timely objection is filed and served with respect to a Rejection Notice, the Debtor shall file with the Court a certificate of no objection along with a Rejection Order. The Rejection Order shall provide, *inter alia*, that the rejection of such Contract or Lease shall be deemed effective as of the date set forth in the applicable Rejection Notice, or, if no such date is set forth therein, the date the Rejection Notice is filed with the Court (the "Rejection Date").[4]

(e)     If a timely objection is properly filed and served on the Debtor and the Rejection Notice Parties as specified above, and unless the parties otherwise agree in writing, the Debtor will schedule a hearing to consider the objection. If the objection is overruled by the Court or withdrawn, the rejection of the affected Contract or Lease shall be deemed effective either (a) as of the Rejection Date, or (b) as otherwise determined by the Court in any order overruling such objection.

(f)     If the Debtor has deposited monies with a Lease or Contract counterparty as a security deposit or other arrangement, such Lease or Contract counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court.

(g)     If an affected lessor or counterparty or any other party in interest (the "Rejection Claimant") asserts a claim or claims against the Debtor arising from the rejection of a Contract or Lease, such

---

[4] With respect to the rejection of a real property Lease, the rejection effective date will not occur until such time as the Debtor has vacated the premises and returned the keys to the affected landlord.

Rejection Claimant shall submit a proof of claim to the Debtor's claims and noticing agent, Epiq Bankruptcy Services, LLC, on or before the date that is the later of (i) 30 days after the date an order is entered approving the rejection of the Contract or Lease, or (ii) the bar date for general unsecured claims to be established in this case. If a Rejection Claimant does not timely file such proof of claim, such claimant shall be forever barred from asserting a claim for such rejection damages.

(h)     The Debtor also requests authority to remove any property from the premises that are the subject of any rejected Lease, consistent with the Debtor's ownership rights or other property interests therein, personal property that the Debtor has installed in or about the leased premises (*i.e.*, fixtures, furniture, equipment, and other property) that is either owned by the Debtor, leased by the Debtor from third parties, or subject to any equipment financing agreements with third parties. Moreover, to the extent that the Debtor determines that any interest of the Debtor in such property has little or no value or that the preservation thereof will be burdensome to its estate compared with the expense of removing and storing such property, the Debtor requests authority to abandon, in its sole discretion, such property remaining at the premises subject to a rejected Lease as of the Rejection Date. No personal property subject to a true lease shall be abandoned without first rejecting the applicable Lease. If such a Lease is rejected, the automatic stay shall be deemed modified to permit the respective personal property lessor to recover such abandoned property within fifteen (15) days of abandonment. In the event the Debtor proposes to abandon property, the foregoing notice and objection procedures will apply and the Rejection Notice will set forth a description of the property proposed to be abandoned, as required by Rule 6007-1 of the Local Bankruptcy Rules for the Southern District of New York. Absent a timely objection filed in accordance with these Rejection Procedures, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code as of the Rejection Date and, except as set forth above, the landlord(s) may dispose of such abandoned property without liability to any third party claiming an interest in such abandoned property.

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code, the Debtor's rejection of Leases and Contracts in accordance with the Rejection Procedures set forth in this Order is hereby approved; and it is further

ORDERED that, pursuant to section 554(a) of the Bankruptcy Code, the Debtor is authorized to abandon any personal property, furniture, fixtures, and/or equipment remaining at the premises subject to a rejected Lease in accordance with the procedures set forth in this Order; and it is further

ORDERED that the Debtor is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Rejection Procedures as approved by this Order; and it is further

ORDERED that to the extent not inconsistent with the relief granted herein, entry of this Order is without prejudice to the rights of the Debtor to seek further, other, or different relief regarding the Leases and Contracts pursuant to, among other things, section 365 of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

ORDERED that notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

Dated: _____, 2009
      New York, New York


                                             _____
                                             UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

# **REJECTION NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
                                                         :

In re                                         :    **Chapter 11**
                                                          :

**CRABTREE & EVELYN, LTD.,**            :
                                                        :    **Case No. 09-_____ (___)**

            **Debtor.**                :
                                                          :
-------------------------------------------------------------- x

**NOTICE OF REJECTION OF**
**EXECUTORY CONTRACTS OR UNEXPIRED LEASES**

**PLEASE TAKE NOTICE** that, on [_____], 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Procedures Order") in the above-referenced chapter 11 case of Crabtree & Evelyn, Ltd., as debtor and debtor in possession (the "Debtor"), among other things, approving procedures (the "Rejection Procedures") for the rejection of executory contracts and unexpired leases ("Contracts" or "Leases", as the case may be).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, the Debtor hereby provides notice of its intent to reject the Leases and/or Contracts listed on Schedule 1 hereto (the "Rejected Contracts and Leases").  Pursuant to the terms of the Procedures Order, unless a written objection is filed and served in accordance with the terms of the Procedures Order, the Leases and/or Contracts set forth on **Schedule 1** to this Rejection Notice will be rejected pursuant to 11 U.S.C. § 365(a), and the following property shall be abandoned pursuant to 11 U.S.C. § 554(a), effective as of the later of (a) the date of this Notice, unless otherwise agreed, in writing, by the Debtor and the counterparty to the applicable Lease or Contract, (b) the date of the surrender of the leased property and keys to the affected

lessor (where applicable), or (c) the effective date otherwise set forth on Schedule 1 (the "Rejection Date").

PLEASE TAKE FURTHER NOTICE that objections, if any, to this Rejection Notice must be filed and served so that such objection is filed with the Bankruptcy Court and **actually received** by the following parties no later than ten (10) days after the date this Rejection Notice is filed with the Bankruptcy Court (i.e., by _____ __, 2009): (i) the Debtor, 102 Peake Brook Road, P.O. Box 167, Woodstock, CT 06281 (Attn.: Colleen Cording, Esq.), (ii) counsel to the Debtor, Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Lawrence C. Gottlieb, Esq. and Richelle Kalnit, Esq.), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Serene Nakano, Esq.), (iv) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, the Debtor's prepetition lender and proposed postpetition lender, and (v) [_____] as counsel for the creditors' committee (collectively, the "Rejection Notice Parties").

PLEASE TAKE FURTHER NOTICE that, if an objection to this Notice is timely filed and served, the Debtor shall seek a hearing on such objection and shall provide notice of such hearing to the objecting party and the Rejection Notice Parties. If such objection is overruled by the Court or withdrawn, the rejection of the Contract or Lease shall be deemed effective (a) as of the Rejection Date, or (b) as otherwise determined by the Court as set forth in any order overruling such objection.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures Order, if the Debtor has deposited monies with the Contract or Lease counterparty as

a security deposit or otherwise, the Contract or Lease counterparty may not setoff or otherwise use such deposit without the prior authorization of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, for any claim that you may assert against the Debtor as a result of the rejection of any Contract or Lease, you must submit a proof of claim for damages arising from such rejection, if any, to Epiq Bankruptcy Solutions, LLC at the following address:

> Crabtree & Evelyn, Ltd., Rejection Damage Claims
> Processing Department
> c/o Epiq Bankruptcy Solutions LLC
> 757 Third Avenue, Third Floor
> New York, New York 10017

on the date that is the later of (i) 30 days after the date an order is entered approving the rejection of the Contract or Lease, or (ii) the bar date for general unsecured claims to be established in this case. If you do not timely file such proof of claim, you shall be forever barred from asserting a claim for damages arising from the rejection of the applicable Lease or Contract.

Dated: _____, 2009
      New York, New York

<u>**Schedule 1**</u>

## NON-RESIDENTIAL REAL PROPERTY LEASES

| Address of Subject Property | Monthly Rental Obligation | Remaining Lease Term | Landlord Name / Address | Effective Date of Rejection |
|---|---|---|---|---|
| | | | | |

## PERSONAL PROPERTY LEASES AND CONTRACTS

| Title of Contract | Contract Counterparty (Name / Address) | Description of Contract | Effective Date of Rejection |
|---|---|---|---|
| | | | |