COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb
Jeffrey L. Cohen
Richelle Kalnit

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------- x
                                          :
In re                                     :   Chapter 11
                                          :
CRABTREE & EVELYN, LTD.,                   :
                                          :   Case No. 09-14267 (BRL)
           Debtor.                         :
                                          :
------------------------------------------------------------- x
```

**NOTICE OF MOTION OF**
**THE DEBTOR, PURSUANT TO SECTION 502(b)(9) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3),**
**TO ESTABLISH THE DEADLINE FOR FILING PROOFS OF CLAIM**
**AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

      **PLEASE TAKE NOTICE** that Crabtree & Evelyn, Ltd., as debtor and debtor in possession (the "Debtor"), has filed the annexed motion (the "Motion") for entry of an order establishing October 9, 2009 as the General Bar Date and December 28, 2009 as the Governmental Bar Date, and approving the form and manner of notice thereof, all as more fully described in the Motion.

      **PLEASE TAKE FURTHER NOTICE** that under the Amended Procedural Guidelines for Filing Requests for Bar Orders in the United States Bankruptcy Court for the Southern District of New York, dated March 27, 2008, established by the Board of Judges for the Southern District of New York (M-350, amending M-279) (the "Procedural Guidelines"), a

motion for a Bar Order "may be submitted to the court without further notice as long as the application represents that the order has been approved in form and substance by any official creditors committee, by any debtor in possession lender and by any secured creditor with a lien on a substantial portion of the debtor's assets." Otherwise, "the proposed Bar Order may be submitted by notice of presentment or by notice of motion on notice to any official committee, any debtor in possession lender, any party requesting notice, and the United States trustee."

      **PLEASE TAKE FURTHER NOTICE** that the Debtor has been advised that the order annexed to the Motion as Exhibit 1 (the "<u>Proposed Order</u>") has been approved in form and substance by the Official Committee of Unsecured Creditors and the Debtor's postpetition lender. Accordingly, under the Procedural Guidelines, this motion may be submitted without further notice or a hearing.

Dated: August 17, 2009
    New York, New York

                      Respectfully submitted,


                      By:     <u>/s/ Lawrence C. Gottlieb</u>
                             Lawrence C. Gottlieb

                      COOLEY GODWARD KRONISH LLP
                      1114 Avenue of the Americas
                      New York, New York 10036
                      Telephone: (212) 479-6000
                      Facsimile: (212) 479-6275
                      Lawrence C. Gottlieb (LG 2565)
                      Jeffrey L. Cohen (JC 2556)
                      Richelle Kalnit (RK 3728)

                      Attorneys for Debtor and Debtor in
                      Possession

COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb
Jeffrey L. Cohen
Richelle Kalnit

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
                                       :

**In re**                                :       **Chapter 11**
                                         :

**CRABTREE & EVELYN, LTD.,**          :
                                         :       **Case No. 09-14267 (BRL)**

           **Debtor.**                :
                                         :
-------------------------------------------------------------- x

**MOTION OF THE DEBTOR, PURSUANT TO SECTION 502(b)(9) OF**
**THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3),**
**TO ESTABLISH THE DEADLINE FOR FILING PROOFS OF CLAIM**
**AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Crabtree & Evelyn, Ltd., as debtor and debtor in possession (the "Debtor"),[1]

respectfully represents:

**BACKGROUND**

1.      On July 1, 2009 (the "Petition Date"), the Debtor commenced with this

Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"). The Debtor is authorized to operate its businesses and manage its properties as debtor in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 10, 2009, the

Office of the United States Trustee appointed an official committee of unsecured creditors

_____
[1] The last four digits of the Debtor's federal tax identification number are 1685.

pursuant to section 1102 of the Bankruptcy Code, as amended on July 14, 2009 (the "Committee").

2.     Crabtree & Evelyn has evolved from a small, entrepreneurial business, to a company with worldwide manufacturing and distribution capabilities, worldwide distribution channels and 100 retail locations in the United States, making it well-known and respected for its English-style elegance.  Through a multi-channel sales strategy, including sales through retail, wholesale, export, affiliate and internet channels, the Debtor manufactures and distributes its products worldwide.

3.     Founded as a purveyor of fine soaps from around the world, products were first sold under the Crabtree & Evelyn name starting in approximately 1972.[2]  During nearly four decades Crabtree & Evelyn has expanded its product offerings from fine soaps to include personal care products and related accessories, fragrances, comestibles (*i.e.*, food products including cookies, teas and jams), products for the home and gift arrangements.  The Debtor also sells Vera Bradley (purses and related accessories) products in its retail store locations.  Crabtree & Evelyn manufactures and distributes more than twenty-five product lines, including LaSource®, Gardeners, India Hicks Island Living® and Naturals and its products have been frequently mentioned in numerous magazines, including Vogue, Glamour, and Lucky.  In 1977, Crabtree & Evelyn opened its first retail store, and its retail business has gradually expanded to include a manufacturing and distribution facility, as well as 100 stores in the United States.  In 1996, Kuala Lumpur Kepong Berhad purchased 100 percent of the equity of the Debtor.  The Debtor is incorporated in Connecticut, and its headquarters, distribution center, manufacturing facility, and warehouse are located in Woodstock, Connecticut.

---

[2]     The name of the Debtor is inspired from (i) the crabapple tree, the original species from which all cultivated apple trees have derived, and (ii) John Evelyn, the seventeenth century renaissance Englishman, who wrote one of the first works on conservation of forests and timber.

4.     The Debtor's primary assets include inventory, contract rights, intellectual property rights, and accounts receivable for goods sold.  The Debtor also owns its headquarters, manufacturing facility, distribution center and warehouse in Woodstock, Connecticut.   In addition, the Debtor leases a significant number of retail stores located in 32 states.

## JURISDICTION

5.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6.     Pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), the Debtor requests that the Court: (i) establish **October 9, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim based on prepetition claims (as defined in section 101(5) of the Bankruptcy Code, including, for the avoidance of doubt, secured claims and priority claims) (each a "Proof of Claim") against the Debtor (the "General Bar Date"); (ii) establish **December 28, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of Claim against the Debtor (the "Governmental Bar Date" and, together with the General Bar Date, the "Bar Dates"); (iii) approve the Proof of Claim Form (as defined below); (iv) approve the proposed Bar Date Notice (as defined below); (v) approve the proposed Publication Notice (as defined below); and (vi) approve the proposed notice procedures.

**The Bar Dates**

7.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who asserts a claim against a debtor that arose prior to the commencement of the chapter 11 case, and whose claim is not scheduled in the debtor's schedules of assets and liabilities (the "Schedules") or whose claim is listed on the Schedules as disputed, contingent or unliquidated, must file a Proof of Claim.  Under the *Order Pursuant to Bankruptcy Rules 1007(c) and 2002(d) Extending the Time to File the Debtor's (I) Schedules of Assets and Liabilities, (II) Schedules of Current Income and Expenditures, (III) Schedules of Executory Contracts and Unexpired Leases, and (IV) Statements of Financial Affairs*, entered July 2, 2009 (Dkt. No. 47), the deadline for the Debtor to file its Schedules was **August 15, 2009**.  On August 14, 2009, the Debtor filed its Schedules (Dkt. No. 150).

8.      Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide. . . ." 11 U.S.C. § 502(b)(9).

9.      The Debtor believes that no fewer than 6,250 individuals or entities may be creditors in this case.  Establishing the Bar Dates, thus, will enable the Debtor to receive, process and begin its analysis of creditors' claims in a timely and efficient manner and proceed to expeditiously conclude the administration of this chapter 11 case. Based on the procedures set forth below, the proposed Bar Dates will give creditors ample opportunity to prepare and file Proofs of Claim.

10.     Pursuant to the proposed order annexed hereto as **Exhibit 1** (the "Bar Date Order"), each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, or governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor that arose prior to the Petition Date, except as set forth in paragraph 11, must file an original, written proof of such claim that substantially conforms to the form attached as Exhibit A of the proposed Bar Date Order (the "Proof of Claim Form"), so as to be received on or before the applicable Bar Date by the Debtor's court-approved claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq") or be forever barred from doing so.[3] The original Proof of Claim must be mailed or hand-delivered to the following address:

| If by hand delivery or overnight courier, to: |
| --- |
| Epiq Bankruptcy Solutions, LLC<br>Attn: Crabtree & Evelyn, Ltd. Claims Processing Center<br>757 Third Avenue, 3rd Floor<br>New York, NY 10017 |
| If by U.S. Postal Service, to: |
| Crabtree & Evelyn, Ltd. Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5269<br>New York, NY 10150-5269 |

The Debtor requests the proposed Bar Date Order provide that: (i) Epiq and the Court will **not** accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and (ii) Proofs of Claim shall be deemed timely filed only if the Proofs of Claim are **actually received** by Epiq or the Court on or before the applicable Bar Date in accordance with the requirements set forth herein.

---

[3] The Debtor retained Epiq as its noticing and claims agent by order of this Court entered on July 2, 2009.

11.     Pursuant to the proposed Bar Date Order, the following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, with respect to claims described below:

(a)     any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount or nature of the claim set forth in the Schedules;

(b)     any person or entity whose claim has been paid in full by the Debtor;

(c)     any person or entity that holds an interest in the Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against the Debtor that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(d)     any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense;

(e)     any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(f)     any holder of a claim for which a separate deadline is fixed by this Court;

(g)     any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or Debtor's court-approved claims agent, Epiq, against the Debtor utilizing a claim form which substantially conforms to the Proof of Claim Form;

(h)     any director, officer or employee of the Debtor that holds a claim against the Debtor for indemnification, contribution or reimbursement; or

(i)     any person or entity that holds a claim against any of the Debtor's affiliates, none of which is a debtor in this chapter 11 case.

12.     The proposed Bar Date Order further provides that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date and (ii)

the date that is thirty (30) days following the effective date of such rejection, or be forever barred from doing so.

13.     In the event the Debtor amends its Schedules to (a) designate a claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules, then, and in such event, the Debtor proposes that the affected claimant be notified of such amendment and be granted thirty (30) days from the date of such notification within which to file a Proof of Claim or be forever barred from doing so.

## **Proof of Claim Form**

14.     Due to the size and complexity of this case, the Debtor, with the assistance of Epiq, has prepared the Proof of Claim Form, attached as Exhibit A to the proposed Bar Date Order, which is based on Official Form No. 10, but is tailored to this chapter 11 case. When sent to a creditor, the Proof of Claim Form will be further customized to contain certain information about the creditor. The creditor is required to file a Proof of Claim identifying, among other things, the amount and type of its claim.  The Debtor requests that the Court approve the proposed Proof of Claim Form.

15.     The proposed Bar Date Order provides that each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form, which has been tailored by the Debtor to this chapter 11 case, and which is annexed as Exhibit A to the proposed Bar Date Order; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation or an explanation as to why documentation is not available;

and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

## Consequences of Failure to File a Proof of Claim

16.     Pursuant to Bankruptcy Rule 3003(c)(2), the Debtor requests that any holder of a claim against the Debtor that is required to file a proof of such claim in accordance with the Bar Date Order, but fails to do so on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a Proof of Claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such claim. Moreover, the holder of such claim shall not be permitted to vote to accept or reject any chapter 11 plan filed in this case, participate in any distribution in this chapter 11 case on account of such claim, or receive further notices regarding such claim.

## Notice of the Bar Dates

17.     Pursuant to Bankruptcy Rule 2002(a)(7), the Debtor proposes to mail bar date notices for filing Proofs of Claim, in a form substantially similar to the notice annexed as Exhibit B to the proposed Bar Date Order (the "Bar Date Notice"), and a Proof of Claim Form, in a form substantially similar to the form annexed as Exhibit A to the proposed Bar Date Order, to the following parties (the "Notice Parties"):

(a)     the U.S. Trustee;

(b)     attorneys for the Committee;

(c)     all known holders of claims listed on the Schedules at the addresses stated therein;

(d)     all parties known to the Debtor as having potential claims against the Debtor's estate;

(e)     all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(f)     all parties to litigation with the Debtor (as of the date of the entry of the Bar Date Order); and

(g)     all parties who have requested notice pursuant to Bankruptcy Rule 2002.

18.     The proposed Bar Date Notice conforms substantially to the form annexed to the Amended Procedural Guidelines for Filing Requests for Bar Orders in the United States Bankruptcy Court for the Southern District of New York, dated March 27, 2008, established by the Board of Judges for the Southern District of New York (M-350, amending M-279) (the "Procedural Guidelines"). The Bar Date Notice notifies the parties of the Bar Dates, and contains information about who must file a Proof of Claim, the procedure for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim. The Debtor requests the Court approve the use of the Bar Date Notice.

**Publication Notice**

19.     Given the size and scope of the Debtor's business, the Debtor has determined that it would be in the best interest of its estate to give notice by publication to certain creditors, in a form substantially similar to the notice annexed as Exhibit C to the proposed Bar Date Order (the "Publication Notice"), including (i) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtor, and (ii) known creditors with addresses unknown by the Debtor.

20.     Pursuant to Bankruptcy Rule 2002(l), the Debtor proposes to publish the Publication Notice once in The New York Times and The Hartford Courant, in each case at least 30 days prior to the General Bar Date (although General Order M350 only requires 25 days). Additionally, the Debtor will post a copy of the Publication Notice and the Proof of Claim Form on http://chapter11.epiqsystems.com/Crabtree, the website maintained by Epiq. The Publication

Notice includes a telephone number that creditors can call to obtain copies of the Proof of Claim Form and information concerning the procedures for filing proofs of claim. The form of notice conforms substantially to General Order M-350. The Debtor respectfully requests that the Court approve the Publication Notice and find that the Debtor's proposed procedures regarding the Publication Notice shall be deemed good, adequate and sufficient notice of the Bar Dates.

## Objections to Claims

21.     After the Bar Date passes, the Debtor will be in a position to begin its review of claims to determine which are valid and proper obligations of the estate and in what amounts. The Debtor thus reserves its rights to object to any Proof of Claim on any grounds. The Debtor further reserves its rights to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules, or any amendments thereto, as to amount, liability, classification, or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated, or undetermined.

## The Proposed Notice Procedures are Reasonable and Adequate

22.     As noted above, Epiq is the authorized noticing and claims agent for the Court with respect to the Debtor's chapter 11 case. As claims agent, Epiq is responsible for, among other things, maintaining a database of the Schedules and maintaining and docketing Proofs of Claim filed in this chapter 11 case.

23.     To facilitate and coordinate the claims reconciliation and provide notice of the Bar Dates, Epiq will mail the Bar Date Notice along with the Proof of Claim Form to each Notice Party, together with instructions for filing the Proof of Claim. Epiq will also post the Proof of Claim Form, along with instructions for filing Proofs of Claim on the website established in this chapter 11 case (http://chapter11.epiqsystems.com/Crabtree).  The Bar Date

Notice shall also provide that the Debtor's Schedules may be accessed through the same website (http://chapter11.epiqsystems.com/Crabtree) or by contacting Epiq at 646-282-2400.

24.     The Debtor has been advised by Epiq that based upon the number of entities to which the Debtor proposes to provide notice, Epiq will be ready to mail the Proof of Claim Forms and the Bar Date Notice within five (5) business days of entry of the Bar Date Order. If such relief is granted and an order is entered by the Court on or before **August 24, 2009**, Epiq will be able to complete the mailing of the Bar Date Notice and the Proof of Claim Forms by **August 31, 2009**.

25.     By establishing **October 9, 2009** as the General Bar Date, depending on when the relief requested herein is approved by the Court, all creditors of the Debtor should have at least thirty-nine (39) days' notice of the Bar Date for filing Proofs of Claim.

26.     The Debtor requests the Court approve the proposed notice procedures. Bankruptcy Rule 2002(a)(7) requires only twenty (20) days' notice, Rule 2002(p)(2), which applies to notice to foreign creditors, requires only thirty (30) days' notice, and Procedural Guideline #3 requires at least thirty-five (35) days' notice of applicable bar dates for filing proofs of claim. Because Debtor's proposed notice procedures provide at least thirty-nine (39) days' notice of the General Bar Date, the Court should find the procedures are reasonable and adequate.

27.     Based on the foregoing, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted in all respects.

## NOTICE

28.     The Debtor has served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York (Attn: Serene Nakano, Esq.), (ii) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, (iii) Hahn & Hessen LLP, 488 Madison Avenue, 15th Floor, New York, New York 10022 (Attn: Mark Indelicato, Esq.), as counsel for the Committee, and (iv) parties in interest who have filed notices of appearance in this case.  In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

29.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as is just and appropriate.


Dated: August 17, 2009
         New York, New York

Respectfully submitted,


By:     /s/ Lawrence C. Gottlieb
         Lawrence C. Gottlieb

COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb (LG 2565)
Jeffrey L. Cohen (JC 2556)
Richelle Kalnit (RK 3728)

Attorneys for Debtor and Debtor in Possession

**<u>Exhibit 1</u>**

**Bar Date Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                                                              :
In re                                                         :      **Chapter 11**
                                                              :
**CRABTREE & EVELYN, LTD.,**                                  :
                                                              :      **Case No. 09-14267 (BRL)**
              **Debtor.**                                     :
                                                              :
------------------------------------------------------------- x

**ORDER PURSUANT TO SECTION 502(b)(9) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3)**
**ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM**
**AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion, dated August 17, 2009 (the "Motion") of Crabtree & Evelyn,

Ltd., as debtor and debtor in possession (the "Debtor"),[1] for an order pursuant to section

502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) establishing the deadline for

filing proofs of claim and approving the form and manner of notice thereof, all as more fully set

forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of

Cases to Bankruptcy Judges of the District Court for the Southern District of New York, dated

July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

having been provided to (i) the Office of the United States Trustee for the Southern District of

New York (Attn: Serene Nakano, Esq.), (ii) SilvermanAcampora LLP, 100 Jericho Quadrangle,

Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala

Lumpur Kepong Berhad, (iii) Hahn & Hessen LLP, 488 Madison Avenue, 15th Floor, New York,

---

[1] The last four digits of the Debtor's federal tax identification number are 1685.

New York 10022 (Attn: Mark Indelicato, Esq.), as counsel for the Committee, and (iv) parties in interest who have filed notices of appearance in this case, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted to the extent provided herein; and it is further

ORDERED that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules, and except as otherwise provided herein, **October 9, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "General Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) to file proofs of claim based on claims (as defined in section 101(5) of the Bankruptcy Code, including, for the avoidance of doubt, secured claims and priority claims) (each a "Proof of Claim") which arose on or prior to the filing of the chapter 11 petition on July 1, 2009 (the "Petition Date") against the Debtor; and it is further

ORDERED that, pursuant to section 502(b)(9) of the Bankruptcy Code, **December 28, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "Governmental Bar Date" and, together with the General Bar Date, the "Bar Dates", for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of Claim against the Debtor, based on claims arising prior to the Petition Date; and it is further

ORDERED that each person or entity (including, without limitation, each individual, joint venture, corporation, estate, trust, or governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtor that arose prior to the Petition Date must file an original, written proof of such claim on or before the applicable Bar Date, or be forever barred from doing so; and it is further

ORDERED that all Proofs of Claim filed against the Debtor must substantially conform to the form annexed hereto as **Exhibit A** ("Proof of Claim Form") and must be received on or before the applicable Bar Date, respectively, by the official noticing and claims agent in the Debtor's chapter 11 case, Epiq Bankruptcy Solutions, LLC ("Epiq"). The original Proof of Claim should be sent or hand-delivered to the following address:

| If by hand delivery or overnight courier, to: |
| --- |
| Epiq Bankruptcy Solutions, LLC<br>Attn: Crabtree & Evelyn, Ltd. Claims Processing Center<br>757 Third Avenue, 3rd Floor<br>New York, NY 10017 |
| If by U.S. Postal Service, to: |
| Crabtree & Evelyn, Ltd. Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5269<br>New York, NY 10150-5269 |

and it is further

ORDERED that Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the applicable Bar Date; and it is further

ORDERED that neither the Court nor Epiq shall be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and it is further

ORDERED that the following persons or entities are not required to file a Proof of Claim on or before the applicable Bar Date, with respect to the claims described below:

(a)     any person or entity whose claim is listed on the Schedules and (i) whose claim is <u>not</u> described as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount or nature of the claim set forth in the Schedules;

(b)     any person or entity whose claim has been paid in full by the Debtor;

(c)     any person or entity that holds an interest in the Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; <u>provided</u>, <u>however</u>, that interest holders that wish to assert claims (as opposed to ownership interests) against the Debtor that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(d)     any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense;

(e)     any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(f)     any holder of a claim for which a separate deadline is fixed by this Court;

(g)     any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or Debtor's court-approved claims agent, Epiq, against the Debtor utilizing a claim form which substantially conforms to the Proof of Claim Form;

(h)     any director, officer or employee of the Debtor that holds a claim against the Debtor for indemnification, contribution or reimbursement; or

(i)     any person or entity that holds a claim against any of the Debtor's affiliates, none of which is a debtor in this chapter 11 case.

and it is further

ORDERED that any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by

the later of (i) the applicable Bar Date and (ii) the date which is thirty (30) days following the effective date of such rejection or be forever barred from doing so; and it is further

ORDERED that each Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim Form; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation or an explanation as to why documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; and it is further

ORDERED that any holder of a claim against the Debtor that is required but fails to file a proof of such claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred from asserting such claim against the Debtor and its estate, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in this chapter 11 case, or participate in any distribution in the Debtor's chapter 11 case on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Bar Date Order and of the applicable Bar Date in substantially the form annexed hereto as **Exhibit B** (the "Bar Date Notice"), which Bar Date Notice is approved, shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before **August 31, 2009** upon:

(a) the U.S. Trustee;

(b) attorneys for the Committee;

(c) all known holders of claims listed on the Schedules at the addresses stated therein;

(d) all parties known to the Debtor as having potential claims against the Debtor's estate;

(e)     all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(f)     all parties to litigation with the Debtor (as of the date of the entry of the Bar Date Order); and

(g)     all parties who have requested notice pursuant to Bankruptcy Rule 2002;

and it is further

ORDERED that the Debtor shall mail one or more Proof of Claim Forms (as appropriate) to all parties listed in the preceding paragraph, together with instructions for filing a Proof of Claim; and it is further

ORDERED that, if the Debtor amends or supplements its Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date on which such notice is given to file Proofs of Claim in respect of their claims or be forever barred from doing so; and it is further

ORDERED that pursuant to Bankruptcy Rule 2002(l), the Debtor shall publish notice of the Bar Dates in substantially the form of the Publication Notice, attached hereto as **Exhibit C**, in The New York Times and The Hartford Courant, in each case at least 30 days prior to the General Bar Date, and shall also post a copy of the Publication Notice and the Proof of Claim Form on http://chapter11.epiqsystems.com/Crabtree, which Publication Notice is hereby approved and shall be deemed good, adequate and sufficient notice of the Bar Dates; and it is further

ORDERED that holders of equity security interests in the Debtor need not file Proofs of Claim with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest

of the purchase or sale of such equity interest), a proof of such claim must be filed on or before the General Bar Date pursuant to the procedures set forth in this Bar Date Order; and it is further

ORDERED that nothing in this Bar Date Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that the Debtor and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Bar Date Order; and it is further

ORDERED that notice of the relief granted by this Bar Date Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against the Debtor in this chapter 11 case; and it is further

ORDERED that any person or entity that desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

ORDERED that entry of this Bar Date Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Dates established herein must file such claims against the Debtor or be forever barred from voting upon any chapter 11 plan of the Debtor, from receiving any payment or distribution of property from the Debtor, Debtor's estate, or its successors or assigns with respect to such claims, and from asserting such claims against the Debtor; and it is further

ORDERED that the Debtor give notice by email to the parties on the Master Service List (as defined in the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007, Implementing Certain Notice and Case Management Procedures, dated July 31, 2009) that an order establishing the deadlines for filing Proofs of Claim has been filed, is being mailed to parties in interest, and that a copy is also available on the internet at http://chapter11.epiqsystems.com/Crabtree.

Dated: _____, 2009
        New York, New York

                                         _____
                                         HONORABLE BURTON R. LIFLAND
                                         UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

## **Proposed Proof of Claim Form**

**United States Bankruptcy Court for the Southern District of New York**
Crabtree & Evelyn, Ltd. Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5269
New York, NY 10150-5269

# PROOF OF CLAIM

| In Re:<br>Crabtree & Evelyn, Ltd.<br>Debtor | Chapter 11<br>Case No. 09-14267 (BRL) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

---

Name and address of Creditor : (and name and address where notices should be sent if different from Creditor)

Telephone number: _____ Email Address: _____

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number: _____ Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

---

1. **Amount of Claim as of Date Case Filed:** $ _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

2. **Basis for Claim:** _____
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
   Describe: _____

   Value of Property: $_____ Annual Interest Rate _____%

   Amount of arrearage and other charges as of time case filed included in secured claim, if any:

   $_____ Basis for perfection: _____

   **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(\_\_\_\_).

**Amount entitled to priority:**

$_____

---

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |

---

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
Fill in the name of the Debtor in the bankruptcy case, and the bankruptcy case number.

09-14267    Crabtree & Evelyn, Ltd.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who would receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2.Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____ **D E F I N I T I O N S** _____

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Crabtree & Evelyn, Ltd. Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, P.O. Box  5269**
**New York, NY 10150-5269**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____ **I N F O R M A T I O N** _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's system (http://chapter11.epiqsystems.com/crabtree) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), and any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**<u>EXHIBIT B</u>**

**Proposed Notice of Bar Dates**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                           :

In re                        :     **Chapter 11**
                           :

**CRABTREE & EVELYN, LTD.,**      :
                           :     **Case No. 09-14267 (BRL)**

      **Debtor.**          :
                           :

---------------------------------------------------------------- x

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

      PLEASE TAKE NOTICE THAT on _____, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Court"), having jurisdiction over the chapter 11 case of Crabtree & Evelyn, Ltd., as debtor and debtor in possession in the above referenced chapter 11 case (the "<u>Debtor</u>"), entered an order (the "<u>Bar Date Order</u>") establishing (i) **October 9, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("<u>Proof of Claim</u>") based on claims against the Debtor arising prior to July 1, 2009 ("<u>Prepetition Claims</u>") (the "<u>General Bar Date</u>"); and (ii) **December 28, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of Claim based on Prepetition Claims against the Debtor (the "<u>Governmental Bar Date</u>" and, together with the General Bar Date, the "<u>Bar Dates</u>"). The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtor (other than those set forth below as being specifically excluded) that arose prior to **July 1, 2009**, the date on which the Debtor commenced its case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

      **If you have any questions with respect to this Notice, please feel free to contact the Debtor's court- approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") at 646-282-2400 or by email at crabtree@epiqsystems.com.**

      **A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

1.     **WHO MUST FILE A PROOF OF CLAIM**

      You **MUST** file a **Proof of Claim** to share in the Debtor's estate if you have a claim that arose prior to **July 1, 2009**, and it is not one of the other types of claims described in Section 2 below. Acts or omissions of the Debtor that arose before **July 1, 2009** may give rise to claims against the Debtor that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to **July 1, 2009.** Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.     **WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

      You need not file a Proof of Claim with respect to the claims described below if:

        (1)  Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the amount or nature of the claim set forth

in the Schedules;

(2) Your claim has been paid in full by the Debtor;

(3) You hold an interest in the Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided however that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtor that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(4) You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense;

(5) You hold a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(6) You hold a claim for which a separate deadline is fixed by this Court;

(7) You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or Debtor's court-approved claims agent, Epiq, against the Debtor's utilizing a claim form which substantially conforms to the Proof of Claim Form.

(8) You are a director, officer or employee of the Debtor that holds a claim against the Debtor for indemnification, contribution or reimbursement; or

(9) You are a person or entity that holds a claim against any of the Debtor's affiliates, none of which is a debtor in this chapter 11 case.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of a Proof of Claim. Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, or trust) must file a Proof of Claim, as described herein, before the applicable Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTOR OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is thirty (30) days following the effective date of such rejection or be forever barred from doing so.

**4.      WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the applicable Bar Date at the following address:

> If by hand delivery or overnight courier, to:
>
> Epiq Bankruptcy Solutions, LLC
> Attn: Crabtree & Evelyn, Ltd. Claims Processing Center
> 757 Third Avenue, 3rd Floor
> New York, NY 10017

```
If by U.S. Postal Service, to:

Crabtree & Evelyn, Ltd. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5269
New York, NY 10150-5269
```

Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

## 5.     WHAT TO FILE

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of **July 1, 2009**; (iii) conform substantially with the form attached to this Notice ("Proof of Claim Form"); (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation or an explanation as to why documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

## 6.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date for any Prepetition Claim such creditor holds or wishes to assert against the Debtor, will be barred from asserting such claim against the Debtor and its estate, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtor's chapter 11 case on account of such claim or to receive further notices regarding such claim or with respect to the Debtor's chapter 11 case.**

## 7.     THE DEBTOR'S SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtor in the Schedules. Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtor's chapter 11 case, which is posted on the Internet at http://chapter11.epiqsystems.com/Crabtree and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.). Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:          _____, 2009                               BY ORDER OF THE COURT
                New York, New York

COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 479-6000
Lawrence C. Gottlieb, Esq.
Jeffrey L. Cohen, Esq.
Richelle Kalnit, Esq.

ATTORNEYS FOR DEBTOR AND DEBTOR
IN POSSESSION

**EXHIBIT C**

**Proposed Publication Notice**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                    :

In re                        :     **Chapter 11**
                    :

**CRABTREE & EVELYN, LTD.,**    :
                    :     **Case No. 09-14267 (BRL)**

         **Debtor.**        :
                    :

---------------------------------------------------------------- x

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

PLEASE TAKE NOTICE THAT on _____, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Court"), having jurisdiction over the chapter 11 case of Crabtree & Evelyn, Ltd., as debtor and debtor in possession in the above referenced chapter 11 case (the "Debtor"), entered an order (the "Bar Date Order") establishing (i) **October 9, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("Proof of Claim") based on claims against the Debtor arising prior to July 1, 2009 ("Prepetition Claims") (the "General Bar Date"); and (ii) **December 28, 2009, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of Claim based on Prepetition Claims against the Debtor (the "Governmental Bar Date" and, together with the General Bar Date, the "Bar Dates"). The Bar Date Order, the Bar Dates and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtor (other than those set forth below as being specifically excluded) that arose prior to **July 1, 2009,** the date on which the Debtor commenced its case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**If you have any questions with respect to this Notice, please feel free to contact the Debtor's court- approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") at 646-282-2400 or by email at crabtree@epiqsystems.com.**

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

1.     **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a **Proof of Claim** to share in the Debtor's estate if you have a claim that arose prior to **July 1, 2009,** and it is not one of the other types of claims described in Section 2 below. Acts or omissions of the Debtor that arose before **July 1, 2009** may give rise to claims against the Debtor that must be filed by the applicable Bar Date, notwithstanding that such claims may not have matured or become fixed or liquidated prior to **July 1, 2009.** Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.     **WHO NEED NOT FILE A PROOF OF CLAIM**

You need not file a Proof of Claim with respect to the claims described below if:

    (1)   Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the amount or nature of the claim set forth

in the Schedules;

(2) Your claim has been paid in full by the Debtor;

(3) You hold an interest in the Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; <u>provided</u> <u>however</u> that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtor that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(4) You hold a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense;

(5) You hold a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

(6) You hold a claim for which a separate deadline is fixed by this Court;

(7) You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or Debtor's court-approved claims agent, Epiq, against the Debtor utilizing a claim form which substantially conforms to the Proof of Claim Form.

(8) You are a director, officer or employee of the Debtor that holds a claim against the Debtor for indemnification, contribution or reimbursement; or

(9) You are a person or entity that holds a claim against any of the Debtor's affiliates, none of which is a debtor in this chapter 11 case.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of a Proof of Claim. Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, or trust) must file a Proof of Claim, as described herein, before the applicable Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTOR OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the applicable Bar Date, and (ii) the date which is thirty (30) days following the effective date of such rejection or be forever barred from doing so.

**4.      WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually** **received** on or before the applicable Bar Date at the following address:

| If by hand delivery or overnight courier, to:<br><br>Epiq Bankruptcy Solutions, LLC<br>Attn: Crabtree & Evelyn, Ltd. Claims Processing Center<br>757 Third Avenue, 3rd Floor<br>New York, NY 10017 |
| --- |

```
If by U.S. Postal Service, to:

Crabtree & Evelyn, Ltd. Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5269
New York, NY 10150-5269
```

Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the applicable Bar Date. Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

## 5.     WHAT TO FILE

If you file a Proof of Claim, your filed Proof of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of **July 1, 2009**; (iii) conform substantially with the form attached to this Notice ("Proof of Claim Form"); (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation or an explanation as to why documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

**YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, YOU SHOULD ATTACH A SUMMARY.**

## 6.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim on or before the applicable Bar Date for any Prepetition Claim such creditor holds or wishes to assert against the Debtor, will be barred from asserting such claim against the Debtor and its estate, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtor's chapter 11 case on account of such claim or to receive further notices regarding such claim or with respect to the Debtor's chapter 11 case.**

## 7.     THE DEBTOR'S SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtor in the Schedules. Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtor's chapter 11 case, which is posted on the Internet at http://chapter11.epiqsystems.com/Crabtree and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.). Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:          _____, 2009                                   BY ORDER OF THE COURT
                 New York, New York

COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 479-6000
Lawrence C. Gottlieb, Esq.
Jeffrey L. Cohen, Esq.
Richelle Kalnit, Esq.

ATTORNEYS FOR DEBTOR AND DEBTOR
IN POSSESSION