**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
: 
**In re** : **Chapter 11**
: 
**CRABTREE & EVELYN, LTD.,** :
: **Case No. 09-14267 (BRL)**
Debtor. :
: 
---------------------------------------------------------------- x

## NOTICE OF REJECTION OF
## EXECUTORY CONTRACTS OR UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that, on July 30, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Procedures Order") in the above-referenced chapter 11 case of Crabtree & Evelyn, Ltd., as debtor and debtor in possession (the "Debtor"), among other things, approving procedures (the "Rejection Procedures") for the rejection of executory contracts and unexpired leases ("Contracts" or "Leases", as the case may be).[1]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, the Debtor hereby provides notice of its intent to reject the Leases and/or Contracts listed on Schedule 1 hereto (the "Rejected Contracts and Leases"). Pursuant to the terms of the Procedures Order, unless a written objection is filed and served in accordance with the terms of the Procedures Order, the Leases and/or Contracts set forth on **Schedule 1** to this Rejection Notice will be rejected pursuant to 11 U.S.C. § 365(a), and the following property shall be abandoned pursuant to 11 U.S.C. § 554(a), effective as of the later of (a) five (5) business days after the date this Rejection Notice is filed with the Court; (b) with respect to a real property Lease, when the Debtor has vacated the premises and returned the keys, key codes and/or alarm codes to the affected landlord; or (c) the effective date otherwise set forth on Schedule 1 (the "Rejection Date").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Rejection Notice must be filed and served so that such objection is filed with the Bankruptcy Court and **actually received** by the following parties no later than five (5) business days after the date this Rejection Notice is filed with the Bankruptcy Court (i.e., by August 27, 2009): (i) the Debtor, 102 Peake Brook Road, Woodstock, CT 06281 (Attn.: Colleen Cording, Esq.), (ii) counsel to the Debtor, Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Lawrence C. Gottlieb, Esq. and Richelle Kalnit, Esq.), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Serene Nakano, Esq.), (iv) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, the Debtor's prepetition lender and proposed postpetition lender, and (v) Hahn & Hessen LLP, 488 Madison Avenue, 15th Floor, New York, New York 10022 (Attn: Mark Indelicato, Esq.), as counsel for the creditors' committee (collectively, the "Rejection Notice Parties").

---
[1] The Procedures Order is attached hereto as **Schedule 2**.

1565164 v1/NY

**PLEASE TAKE FURTHER NOTICE** that, if an objection to this Notice is timely filed and served, the Debtor shall seek a hearing on such objection and shall provide notice of such hearing to the objecting party and the Rejection Notice Parties. If such objection is overruled by the Court or withdrawn, the rejection of the Contract or Lease shall be deemed effective (a) as of the Rejection Date, or (b) as otherwise determined by the Court as set forth in any order overruling such objection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtor has deposited monies with the Contract or Lease counterparty as a security deposit or otherwise, the Contract or Lease counterparty may not setoff or otherwise use such deposit without the prior authorization of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, for any claim that you may assert against the Debtor as a result of the rejection of any Contract or Lease, you must submit a proof of claim for damages arising from such rejection, if any, to Epiq Bankruptcy Solutions, LLC at the following address:

>Crabtree & Evelyn, Ltd., Rejection Damage Claims
>Processing Department
>c/o Epiq Bankruptcy Solutions LLC
>757 Third Avenue, Third Floor
>New York, New York 10017

on the date that is the later of (i) 30 days after the date an order is entered approving the rejection of the Contract or Lease, or (ii) the bar date for general unsecured claims to be established in this case. If you do not timely file such proof of claim, you shall be forever barred from asserting a claim for damages arising from the rejection of the applicable Lease or Contract.

Dated: August 20, 2009
New York, New York

>Respectfully submitted,
>
>By:  /s/ Lawrence C. Gottlieb
>  Lawrence C. Gottlieb
>
>COOLEY GODWARD KRONISH LLP
>1114 Avenue of the Americas
>New York, New York 10036
>Telephone: (212) 479-6000
>Facsimile: (212) 479-6275
>Lawrence C. Gottlieb (LG 2565)
>Jeffrey L. Cohen (JC 2556)
>Richelle Kalnit (RK 3728)
>
>Attorneys for Debtor and Debtor in Possession

# Schedule 1

## NON-RESIDENTIAL REAL PROPERTY LEASES

| Address of Subject Property | Monthly Rental Obligation | Remaining Lease Term | Landlord Name / Address | Effective Date of Rejection | Property Proposed To Be Abandoned |
|---|---|---|---|---|---|
| Willow Grove Park Mall<br>2500 Moorland Road<br>Willow Grove, PA 19090 | $5,460.47 | Lease expires 11/30/2013 | WB Park, LP, PREIT Services, LLC, Attn: General Counsel, 200 South Broad Street, 3rd Floor, Philadelphia, PA 19102 | August 31, 2009 | FF&E |
| Cherry Hill Mall Suite 1725<br>2000 Route 38<br>Cherry Hill, NJ 8002 | $9,390.42 | Lease expires 7/31/2011 | Cherry Hill Center, LLC, c/o PREIT Services, LLC, 200 South Broad Street, The Bellevue, Third Floor, Philadelphia, PA 19102 Attn: General Counsel | August 31, 2009 | FF&E |
| Unit ST125, Cherry Hill Mall, 2000 Route 38, Cherry Hill, NJ 08002 | $667.00 | Lease expires 12/31/2009 | Priet Services, LLC, as Agent for the Owner of the Center, Cherry Hill Center LLC, Cherry Hill Mall, 2000 Route 38, Suite 514, Cherry Hill, NJ 08002 | August 31, 2009 | FF&E |
| Saddle Creek Shopping Center<br>7615 West Farmington Blvd, Suite # 09<br>Germantown, TN 38138 | $5,925.02 | Lease expires 6/30/2012 | Poag & McEwen, Shops at Saddle Creek, Inc., c/o Heitman Capital Management LLC, 191 North Wacker Drive, 25th Floor, Chicago, IL 60606 Attn: Mark Hudgins, Senior Vice President | August 31, 2009 | FF&E |

| Address of Subject Property | Monthly Rental Obligation | Remaining Lease Term | Landlord Name / Address | Effective Date of Rejection | Property Proposed To Be Abandoned |
|---|---|---|---|---|---|
| 1500 Polaris Parkway, Suite 1073 Columbus, OH 43240 | $6,966.66 | Lease expires 10/31/11 | Glimcher, PFP Columbus, LLC, 180 East Broad Street, 21st Floor, Columbus, OH 43215  Attn: General Counsel | August 31, 2009 | FF&E |
| Space 129, Morning Star Storage of Lewis Center 707 Enterprise Drive, Lewis Center, OH 43035 | $110.95 | Month-to-month | Morning Star Storage of Lewis Center, 707 Enterprise Drive, Lewis Center, OH 43035 | August 31, 2009 | FF&E |

# **Schedule 2**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :
In re                                                            :   Chapter 11
                                                                 :
CRABTREE & EVELYN, LTD.,                                         :
                                                                 :   Case No. 09-14267 (BRL)
         Debtor.                                                 :
                                                                 :
                                                                 :
---------------------------------------------------------------- x
```

**ORDER PURSUANT TO SECTIONS 105(a), 365 AND 554(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO ESTABLISH PROCEDURES FOR THE REJECTION OF EXECUTORY CONTRACTS AND <u>UNEXPIRED LEASES AND ABANDONMENT OF RELATED PERSONAL PROPERTY</u>**

Upon the motion, dated July 1, 2009 (the "<u>Motion</u>"),[1] of Crabtree & Evelyn, Ltd., as debtor and debtor in possession (the "<u>Debtor</u>"),[2] for entry of an order, pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 6006 of the Federal Rules of Bankruptcy Procedure, for authorization to establish procedures for the rejection of executory contracts and unexpired leases, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York (Attn: Serene Nakano, Esq.), (ii) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion.

[2] The last four digits of the Debtor's federal tax identification number are 1685.

11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, the Debtor's prepetition lender and proposed postpetition lender, and (iii) the Debtor's 40 largest unsecured creditors, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted to the extent provided herein; and it further

ORDERED that the following procedures (the "Rejection Procedures") for the Debtor's rejection of Leases and Contracts pursuant to section 365(a) of the Bankruptcy Code and abandonment of related personal property pursuant to section 554(a) of the Bankruptcy Code are hereby authorized and approved and established in the Debtor's chapter 11 case:

(a) The Debtor will file on the docket for this chapter 11 case a notice (the "Rejection Notice") setting forth the proposed rejection of one or more Contracts and/or Leases,[3] and will serve the Rejection Notice via Federal Express or other overnight mail delivery service, fax or email (where available) on: (i) the non-Debtor party under the respective Lease or Contract at the last known address available to the Debtor, (ii) Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022 (Attn: Mark Indelicato, Esq.), as counsel for the statutory committee of unsecured creditors appointed in this chapter 11 case, (iii) the United States Trustee for the Southern District of New York, and (iv) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, the Debtor's prepetition lender and postpetition lender (collectively, the "Rejection Notice Parties").

---

[3] Consistent with Rule 6006(f) of the Federal Rules of Bankruptcy Procedure, no more than 100 executory contracts or unexpired leases will be contained on any one Rejection Notice.

(b) The Rejection Notice shall be substantially in the form of **Exhibit A** annexed hereto. With respect to real property Leases to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtor's information: (i) the street address of real property that is the subject of the Lease (if applicable), (ii) the monthly rental obligation, (iii) the remaining term of the Lease, and (iv) the name and address of the affected landlord. With respect to personal property Leases and Contracts to be rejected, the Rejection Notice shall set forth the following information, to the best of the Debtor's information: (i) the name and address of the contract counterparty, and (ii) a brief description of the Contract to be rejected.

(c) Should a party in interest object to the proposed rejection of a Contract or Lease, such party must file and serve a written objection so that such objection is filed with this Court and actually received by the Debtor and the Rejection Notice Parties as set forth in the Rejection Notice no later than five (5) business days after the date that the Debtor served the Rejection Notice.

(d) If no timely objection is filed and served with respect to a Rejection Notice, the Debtor shall file with the Court a certificate of no objection along with a Rejection Order. The Rejection Order shall provide, *inter alia*, that the rejection of such Contract or Lease and the abandonment of any personal property associated therewith or located on the leased premises shall be deemed effective as of the later of (i) five (5) business days after the date the Rejection Notice is filed with the Court; (ii) with respect to a real property Lease, when the Debtor has vacated the premises and returned the keys, key codes and/or alarm codes to the affected landlord; or (iii) such later date identified in the Rejection Notice with respect to the applicable Contract or Lease (the "Rejection Date"). With respect to a real property Lease, upon the Rejection Date, the affected landlord may immediately occupy and secure the leased premises.

(e) If a timely objection is properly filed and served on the Debtor and the Rejection Notice Parties as specified above, and unless the parties otherwise agree in writing, the objection will be heard at the next omnibus hearing, or, if no such hearing has been scheduled, the Debtor will schedule a hearing to consider the objection. If the objection is overruled by the Court or withdrawn, the rejection of the affected Contract or Lease shall be deemed effective either (a) as of the Rejection Date, or (b) as otherwise determined by the Court in any order overruling such objection.

(f) If the Debtor has deposited monies with a Lease or Contract counterparty as a security deposit or other arrangement, such Lease or Contract counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court.

(g) If an affected lessor or counterparty or any other party in interest (the "<u>Rejection Claimant</u>") asserts a claim or claims against the Debtor arising from the rejection of a Contract or Lease, such Rejection Claimant shall submit a proof of claim to the Debtor's claims and noticing agent, Epiq Bankruptcy Services, LLC, on or before the date that is the later of (i) 30 days after the date an order is entered approving the rejection of the Contract or Lease, or (ii) the bar date for general unsecured claims to be established in this case. If a Rejection Claimant does not timely file such proof of claim, such claimant shall be forever barred from asserting a claim for such rejection damages.

(h) The Debtor also requests authority to remove any property from the premises that are the subject of any rejected real property Lease, consistent with the Debtor's ownership rights or other property interests therein, personal property that the Debtor has installed in or about the leased premises (*i.e.*, fixtures, furniture, equipment, and other property) that is either owned by the Debtor, leased by the Debtor from third parties, or subject to any equipment financing agreements with third parties. Moreover, to the extent that the Debtor determines that any interest of the Debtor in such property has little or no value or that the preservation thereof will be burdensome to its estate compared with the expense of removing and storing such property, the Debtor requests authority to abandon, in its sole discretion, such property remaining at the premises subject to a rejected Lease as of the Rejection Date. No personal property subject to a true lease shall be abandoned without first rejecting the applicable personal property Lease. If such a Lease is rejected, the automatic stay shall be deemed modified to permit the respective personal property lessor to recover such abandoned property prior to the Rejection Date. In the event the Debtor proposes to abandon property, the foregoing notice and objection procedures will apply and the Rejection Notice will set forth a description of the property proposed to be abandoned, as required by Rule 6007-1 of the Local Bankruptcy Rules for the Southern District of New York. Absent a timely objection filed in accordance with these Rejection Procedures, the property will be deemed abandoned pursuant to section 554 of the Bankruptcy Code as of the Rejection Date and, except as set forth above regarding the abandonment of personal property, the landlord(s) may dispose of such abandoned property

without liability to any third party claiming an interest in such abandoned property.

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code, the Debtor's rejection of Leases and Contracts in accordance with the Rejection Procedures set forth in this Order is hereby approved; and it is further

ORDERED that, pursuant to section 554(a) of the Bankruptcy Code, the Debtor is authorized to abandon any personal property, furniture, fixtures, and/or equipment remaining at the premises subject to a rejected Lease in accordance with the procedures set forth in this Order; and it is further

ORDERED that the Debtor is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Rejection Procedures as approved by this Order; and it is further

ORDERED that to the extent not inconsistent with the relief granted herein, entry of this Order is without prejudice to the rights of the Debtor to seek further, other, or different relief regarding the Leases and Contracts pursuant to, among other things, section 365 of the Bankruptcy Code; and it is further

ORDERED that entry of this Order is without prejudice to the rights of the Debtor to seek relief with respect to the Leases and Contracts outside of the aforementioned Rejection Procedures; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order; and it is further

ORDERED that notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

Dated: July 30, 2009
      New York, New York

                                      /s/Burton R. Lifland
                                      HONORABLE BURTON R. LIFLAND
                                      UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# REJECTION NOTICE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
: 
In re : Chapter 11
 : 
**CRABTREE & EVELYN, LTD.,** : 
 : Case No. 09-14267 (BRL)
      Debtor. : 
 : 
---------------------------------------------------------------- x

### NOTICE OF REJECTION OF
### EXECUTORY CONTRACTS OR UNEXPIRED LEASES

      **PLEASE TAKE NOTICE** that, on [_____], 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Procedures Order") in the above-referenced chapter 11 case of Crabtree & Evelyn, Ltd., as debtor and debtor in possession (the "Debtor"), among other things, approving procedures (the "Rejection Procedures") for the rejection of executory contracts and unexpired leases ("Contracts" or "Leases", as the case may be).

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, the Debtor hereby provides notice of its intent to reject the Leases and/or Contracts listed on Schedule 1 hereto (the "Rejected Contracts and Leases"). Pursuant to the terms of the Procedures Order, unless a written objection is filed and served in accordance with the terms of the Procedures Order, the Leases and/or Contracts set forth on **Schedule 1** to this Rejection Notice will be rejected pursuant to 11 U.S.C. § 365(a), and the following property shall be abandoned pursuant to 11 U.S.C. § 554(a), effective as of the later of (a) five (5) business days after the date this Rejection Notice is filed with the Court; (b) with respect to a real property Lease, when the Debtor has vacated the premises and returned the keys, key codes

and/or alarm codes to the affected landlord; or (c) the effective date otherwise set forth on Schedule 1 (the "Rejection Date").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Rejection Notice must be filed and served so that such objection is filed with the Bankruptcy Court and **actually received** by the following parties no later than five (5) business days after the date this Rejection Notice is filed with the Bankruptcy Court (i.e., by _____ __, 2009): (i) the Debtor, 102 Peake Brook Road, P.O. Box 167, Woodstock, CT 06281 (Attn.: Colleen Cording, Esq.), (ii) counsel to the Debtor, Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Lawrence C. Gottlieb, Esq. and Richelle Kalnit, Esq.), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Serene Nakano, Esq.), (iv) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, the Debtor's prepetition lender and proposed postpetition lender, and (v) Hahn & Hessen LLP, 488 Madison Avenue, 15th Floor, New York, New York 10022 (Attn: Mark Indelicato, Esq.), as counsel for the creditors' committee (collectively, the "Rejection Notice Parties").

**PLEASE TAKE FURTHER NOTICE** that, if an objection to this Notice is timely filed and served, the Debtor shall seek a hearing on such objection and shall provide notice of such hearing to the objecting party and the Rejection Notice Parties. If such objection is overruled by the Court or withdrawn, the rejection of the Contract or Lease shall be deemed effective (a) as of the Rejection Date, or (b) as otherwise determined by the Court as set forth in any order overruling such objection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtor has deposited monies with the Contract or Lease counterparty as a security deposit or otherwise, the Contract or Lease counterparty may not setoff or otherwise use such deposit without the prior authorization of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, for any claim that you may assert against the Debtor as a result of the rejection of any Contract or Lease, you must submit a proof of claim for damages arising from such rejection, if any, to Epiq Bankruptcy Solutions, LLC at the following address:

> Crabtree & Evelyn, Ltd., Rejection Damage Claims
> Processing Department
> c/o Epiq Bankruptcy Solutions LLC
> 757 Third Avenue, Third Floor
> New York, New York 10017

on the date that is the later of (i) 30 days after the date an order is entered approving the rejection of the Contract or Lease, or (ii) the bar date for general unsecured claims to be established in this case. If you do not timely file such proof of claim, you shall be forever barred from asserting a claim for damages arising from the rejection of the applicable Lease or Contract.

Dated: _____, 2009
      New York, New York

# Schedule 1

## NON-RESIDENTIAL REAL PROPERTY LEASES

| Address of Subject Property | Monthly Rental Obligation | Remaining Lease Term | Landlord Name / Address | Effective Date of Rejection |
|---|---|---|---|---|
| | | | | |

## PERSONAL PROPERTY LEASES AND CONTRACTS

| Title of Contract | Contract Counterparty (Name / Address) | Description of Contract | Effective Date of Rejection |
|---|---|---|---|
| | | | |