COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb
Jeffrey L. Cohen
Richelle Kalnit

Attorneys for Debtor and Debtor in Possession

Hearing Date and Time: October 20, 2009 at 10:00 a.m. (Eastern)
Objection Deadline: October 15, 2009 at 4:00 p.m. (Eastern)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
:
**In re** : **Chapter 11**
:
**CRABTREE & EVELYN, LTD.,** :
: **Case No. 09-14267 (BRL)**
**Debtor.** :
:
---------------------------------------------------------------- x

**NOTICE OF MOTION PURSUANT TO**
**SECTION 365(d)(4) OF THE BANKRUPTCY CODE TO EXTEND**
**THE PERIOD WITHIN WHICH THE DEBTOR MAY ASSUME OR**
<u>**REJECT REAL ESTATE LEASES OF NONRESIDENTIAL REAL PROPERTY**</u>

**PLEASE TAKE NOTICE** that a hearing on the annexed Motion of Crabtree & Evelyn, Ltd., as debtor and debtor in possession (the "<u>Debtor</u>"),[1] Pursuant to Section 365(d)(4) of the Bankruptcy Code to Extend the Period Within Which the Debtor May Assume or Reject Real Estate Leases of Nonresidential Real Property (the "<u>Motion</u>"), will be held before the Honorable Burton R. Lifland, United States Bankruptcy Judge, Room 623 of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **October 20, 2009 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

---

[1] The last four digits of the Debtor's federal tax identification number are 1685.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion, must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, must set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtor's estate or property, the basis for the objection and the specific grounds therefor, and must be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182, and any objection must further be served upon: (i) the Debtor, 102 Peake Brook Road, Woodstock, CT 06281 (Attn.: Colleen Cording, Esq.), (ii) counsel to the Debtor, Cooley Godward Kronish LLP, 1114 Avenue of the Americas, New York, New York 10036 (Attn: Lawrence C. Gottlieb, Esq. and Richelle Kalnit, Esq.), (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Serene Nakano, Esq.), (iv) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, and (v) Hahn & Hessen LLP, 488 Madison Avenue, 15th Floor, New York, New York 10022 (Attn: Mark Indelicato, Esq.), as counsel for the statutory committee of unsecured creditors, so as to be received no later than **October 15, 2009 at 4:00 p.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that if no objections to the Motion are timely filed, served and received in accordance with this Notice, the Bankruptcy Court may grant the relief requested in the Motion without further notice or hearing.

Dated: September 25, 2009
      New York, New York

           Respectfully submitted,

           By:   /s/ Lawrence C. Gottlieb
                 Lawrence C. Gottlieb

           COOLEY GODWARD KRONISH LLP
           1114 Avenue of the Americas
           New York, New York 10036
           Telephone: (212) 479-6000
           Facsimile: (212) 479-6275
           Lawrence C. Gottlieb (LG 2565)
           Jeffrey L. Cohen (JC 2556)
           Richelle Kalnit (RK 3728)

           Attorneys for Debtor and
           Debtor in Possession

| | |
|---|---|
| COOLEY GODWARD KRONISH LLP<br>1114 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 479-6000<br>Facsimile: (212) 479-6275<br>Lawrence C. Gottlieb<br>Jeffrey L. Cohen<br>Richelle Kalnit | **Hearing Date and Time:** October 20, 2009 at 10:00 a.m. (Eastern)<br>**Objection Deadline:** October 15, 2009 at 4:00 p.m. (Eastern) |

Attorneys for Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------- x
                                                              :
In re                                                         :   Chapter 11
                                                              :
CRABTREE & EVELYN, LTD.,                                      :
                                                              :   Case No. 09-14267 (BRL)
         Debtor.                                              :
                                                              :
------------------------------------------------------------- x
```

**MOTION PURSUANT TO**
**SECTION 365(d)(4) OF THE BANKRUPTCY CODE TO EXTEND**
**THE PERIOD WITHIN WHICH THE DEBTOR MAY ASSUME OR**
<u>**REJECT REAL ESTATE LEASES OF NONRESIDENTIAL REAL PROPERTY**</u>

TO THE HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE:

Crabtree & Evelyn, Ltd., as debtor and debtor in possession (the "<u>Debtor</u>"),[2]

respectfully represents:

## BACKGROUND

1. On July 1, 2009 (the "<u>Petition Date</u>"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtor is authorized to operate its businesses and manage its properties as debtor in

---

[2] The last four digits of the Debtor's federal tax identification number are 1685.

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 10, 2009, the Office of the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

2. Crabtree & Evelyn has evolved from a small, entrepreneurial business, to a company with worldwide manufacturing and distribution capabilities, worldwide distribution channels and 96 retail locations in the United States, making it well-known and respected for its English-style elegance. Through a multi-channel sales strategy, including sales through retail, wholesale, export, affiliate and internet channels, the Debtor manufactures and distributes its products worldwide.

3. Founded as a purveyor of fine soaps from around the world, products were first sold under the Crabtree & Evelyn name starting in approximately 1972.[3] During nearly four decades Crabtree & Evelyn has expanded its product offerings from fine soaps to include personal care products and related accessories, fragrances, comestibles (*i.e.*, food products including cookies, teas and jams), products for the home and gift arrangements. The Debtor also sells Vera Bradley (purses and related accessories) products in its retail store locations. Crabtree & Evelyn manufactures and distributes more than twenty-five product lines, including LaSource®, Gardeners, India Hicks Island Living® and Naturals and its products have been frequently mentioned in numerous magazines, including Vogue, Glamour, and Lucky. In 1977, Crabtree & Evelyn opened its first retail store, and its retail business has gradually expanded to include a manufacturing and distribution facility, as well as 96 stores in the United States. In 1996, Kuala Lumpur Kepong Berhad purchased 100 percent of the equity of the Debtor. The

---

[3] The name of the Debtor is inspired from (i) the crabapple tree, the original species from which all cultivated apple trees have derived, and (ii) John Evelyn, the seventeenth century renaissance Englishman, who wrote one of the first works on conservation of forests and timber.

Debtor is incorporated in Connecticut, and its headquarters, distribution center, manufacturing facility, and warehouse are located in Woodstock, Connecticut.

4. The Debtor's primary assets include inventory, contract rights, intellectual property rights, and accounts receivable for goods sold. The Debtor also owns its headquarters, manufacturing facility, distribution center and warehouse in Woodstock, Connecticut. In addition, the Debtor leases a significant number of retail stores located in 31 states.

5. The ability to thoroughly review the Debtor's nonresidential real estate leases (the "Real Estate Leases") within the extended timeframe sought by the Debtor is of critical importance to the Debtor's ability to successfully restructure and exit from this chapter 11 case. Since the Petition Date, the Debtor has made significant progress with respect to its Real Estate Leases. The Debtor, in conjunction its real estate advisor, KPMG Corporate Finance LLC ("KPMGCF"), has spent considerable time negotiating with its landlords for concessions with respect to certain of the Real Estate Leases. While the Debtor has made substantial progress – indeed, it has achieved approximately $2.4 million in savings to date – it continues to negotiate with certain of its landlords to achieve crucial cost savings on its Real Estate Leases. The result of these continuing negotiations will drive the Debtor's decision-making process with respect to certain of its Real Estate Leases. Given that the negotiations with the Debtor's landlords are ongoing, the Debtor seeks to avoid being forced to make decisions with respect to its Real Estate Leases prematurely, before negotiations have concluded. Accordingly, the Debtor seeks the relief requested herein in order to continue productive conversations with its landlords and work toward building a mutually beneficial partnership with its landlords.

## JURISDICTION

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

7. Pursuant to section 365(d)(4)(B) of the Bankruptcy Code the Debtor requests an extension of the date by which the Debtor may assume or reject the Real Estate Leases for 90 days — to January 27, 2010. The current deadline for the Debtor to assume or reject the Real Estate Leases is October 29, 2009. The Debtor seeks the extension in order to allow it to continue its progress of negotiating with its landlords and to allow sufficient time to evaluate its Real Estate Leases before making the important decisions with respect to Real Estate Leases that are crucial for any retailer.

### Basis for Relief to Extend the
### Time to Assume or Reject the Real Estate Leases

8. As of the Petition Date, the Debtor operated 126 retail stores in 34 states. As of the date hereof, the Debtor has rejected 30 of the Real Estate Leases, plus the storage facilities associated with those leases, in compliance with various orders of this Court. See Docket Nos. 113 and 173.

9. As noted above and as discussed more fully below, while the Debtor has made significant progress in negotiations with its landlords, conversations continue and the Debtor's work is far from finished.

10. The extension of time requested herein will not prejudice the lessors of the Real Estate Leases since the Debtor intends to remain current on its undisputed postpetition Real Estate Lease obligations. Moreover, such extension is without prejudice to the landlords' right to

seek a contraction of such period. Accordingly, the relief requested is in the best interest of this estate and its creditors.

## Cause Exists to Grant the Requested Extension

11. Section 365(d)(4) of the Bankruptcy Code provides, in pertinent part:

> an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of – (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4). Thus, a debtor's unexpired leases of nonresidential real property that are not assumed within the initial 120 days of filing its chapter 11 case are deemed rejected.

12. Pursuant to section 365(d)(4) of the Bankruptcy Code, the Real Estate Leases will be deemed rejected on October 29, 2009, unless (i) the Real Estate Leases are assumed prior to October 29, 2009, (ii) the Real Estate Leases are rejected prior to October 29, 2009, or (iii) the time within which the Debtor may decide to assume or reject the Real Estate Leases is extended pursuant to section 365(d)(4) of the Bankruptcy Code.

13. In determining whether cause exists to extend the initial 120-day time period under section 365(d)(4), courts have considered the following factors:

(i) whether the debtor was paying for the use of the property;

(ii) whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

(iii) whether the lease is the debtor's primary asset;

(iv) whether the debtor has had sufficient time to formulate a plan of reorganization;

(v) whether the case is complex; and

(vi) the number of leases that the debtor must evaluate.

5

See, e.g., In re Burger Boys, Inc., 94 F.3d 755, 761-62 (2d. Cir. 1996); In re Wedtech Corp., 72 B.R. 464, 471-73 (Bankr. S.D.N.Y. 1987); Legacy, Ltd. v. Channel Home Ctrs., Inc., 989 F.2d 682, 689 (3d Cir.), cert denied, 510 U.S. 865 (1993) ("[N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop."); In re Unit Portions of Del., Inc., 53 B.R. 83, 85 (Bankr. E.D.N.Y. 1985) ("Congress recognized that there may be times when it is not possible for the trustee to make a careful and informed assessment of the benefits and burdens of the lease within this sixty day period. Accordingly, it empowered the court to grant a trustee who demonstrates cause for extension additional time to make this assessment.").

14. Applying these factors to this case demonstrates that cause exists to extend the deadline contained in section 365(d)(4) for this Debtor.

15. First, in compliance with section 365(d)(3), the Debtor believes it is current (whether by direct payment of rent or credit of amounts due from landlords that are not being paid to the Debtor) with respect to all undisputed postpetition obligations under the Real Estate Leases that are due and payable under applicable law.

16. Second, permitting the Debtor to continue to occupy the locations covered by the Real Estate Leases will not damage any lessor under a Real Estate Lease more than the compensation or protections provided for by the Bankruptcy Code, as the Debtor intends to remain current on postpetition rent obligations. Moreover, any lessor, upon showing of cause, may request that the Court fix an earlier deadline by which the Debtor must assume or reject that lessor's lease.

17. Third, the retail portion of the Debtor's operations are conducted through stores that are the subject of the Real Estate Leases. These properties, therefore, are primary assets of this Debtor at this time.

18. Fourth, in the next week, the Debtor will be engaging in discussions with the Committee concerning potential structures for a plan of reorganization. Because the Real Estate Leases are critical to the Debtor's business structure and operations, the Debtor believes that the decision to assume or reject these leases must be made, to the fullest extent possible, consistent with the strategies and initiatives being developed as part of its plan of reorganization. Therefore, the Debtor, together with KPMGCF, requires additional time to complete the process of evaluating each of the Real Estate Leases and attempt to negotiate more favorable terms in connection with the assumption of the Real Estate Leases.

19. Finally, the Debtor's chapter 11 case is complex, involving several hundred employees, 126 leases (as of the Petition Date), and the operation of a sophisticated business enterprise. Successful reorganization thus requires the Debtor to devote substantial time reviewing its business and examining the merits of each location, as well as review of 126 leases, pursuant to which the Debtor operates its retail business.

20. Absent the relief sought herein, the Debtor will be forced to make a decision to assume or reject all of the Real Estate Leases by the current deadline (*i.e.*, October 29, 2009), and risk prematurely and improvidently assuming certain Real Estate Leases that it later determines to be burdensome — thus creating potential administrative claims — or prematurely and improvidently rejecting certain Real Estate Leases that the Debtor later discovers are critical to its reorganization efforts. Additional time to evaluate the Real Estate Leases will help allow the Debtor to avoid such improvident decisions and facilitate a successful

restructuring of its operational and geographical footprint, which will inure to the benefit of the Debtor's creditors.

21. Accordingly, the Debtor believes that an extension of the time within which they may assume or reject the Real Estate Leases is in the best interest of the estate and all stakeholders.

22. The relief similar to the relief requested herein has been granted by courts in this district as well as by courts in other districts. <u>See</u> <u>In re Lenox Sales, Inc., et al.</u>, Case No. 08-14679 (Bankr. S.D.N.Y. Mar. 11, 2009); <u>In re Lexington Precision Corp., et al.</u>, Case No. 08-11153 (MG) (Bankr. S.D.N.Y. July 29, 2008); <u>In re Formica Corporation</u>, Ch. 11 Case No. 02-10969 (BRL) (Bankr. S.D.N.Y. May 2, 2002) (approving the period for assumption or rejection through the date of plan confirmation); <u>In re Ames Department Stores, Inc.</u>, Ch. 11 Case No. 01-42217 (REG) (Bankr. S.D.N.Y. Dec. 5, 2001) (same); <u>In re Sharper Image Corp.</u>, Ch. 11 Case No. 08-10322 (KG) (Bankr. D. Del. June 17, 2008).

## **NOTICE**

23. The Debtor has served notice of this Motion on (i) the Office of the United States Trustee for the Southern District of New York (Attn: Serene Nakano, Esq.), (ii) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, (iii) Hahn & Hessen LLP, 488 Madison Avenue, 15th Floor, New York, New York 10022 (Attn: Mark Indelicato, Esq.), as counsel for the Committee, and (iv) parties in interest who have filed notices of appearance in this case. In light of the nature of the relief requested, the Debtor submits that no other or further notice need be provided.

24. No motion for the relief requested herein has been made to this or any other Court.

WHEREFORE the Debtor respectfully requests entry of an order extending the time by which the Debtor must assume or reject the Real Estate Leases to January 27, 2010, and such other and further relief as it deems just and proper.

Dated: September 25, 2009
      New York, New York

Respectfully submitted,

By:   /s/ Lawrence C. Gottlieb
      Lawrence C. Gottlieb

COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Lawrence C. Gottlieb (LG 2565)
Jeffrey L. Cohen (JC 2556)
Richelle Kalnit (RK 3728)

Attorneys for Debtor
and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: 
In re : Chapter 11
:
CRABTREE & EVELYN, LTD., :
: Case No. 09-14267 (BRL)
Debtor. :
:
------------------------------------------------------------ x

# ORDER PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING THE PERIOD WITHIN WHICH THE DEBTOR MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Upon the motion, dated September 25, 2009 (the "Motion"),[1] of Crabtree & Evelyn, Ltd., as debtor and debtor in possession (the "Debtor"),[2] for an order pursuant to section 365(d)(4) of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") to extend the period within which the Debtor is required to assume or reject Real Estate Leases of nonresidential real property (the "Real Estate Leases"), to and including January 27, 2010, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee for the Southern District of New York (Attn: Serene Nakano,

---

[1] Capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Motion.

[2] The last four digits of the Debtor's federal tax identification number are 1685.

1555754 v1/NY

Esq.) (the "U.S. Trustee"), (ii) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (Attn: Ronald J. Friedman, Esq.) as counsel for Kuala Lumpur Kepong Berhad, (iii) Hahn & Hessen LLP, 488 Madison Avenue, 15th Floor, New York, New York 10022 (Attn: Mark Indelicato, Esq.), as counsel for the Committee, and (iv) parties in interest who have filed notices of appearance in this case, and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion being in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the time within which the Debtor may assume or reject the Real Estate Leases pursuant to section 365(d)(4) of the Bankruptcy Code is hereby extended to and including January 27, 2010; and it is further

ORDERED that nothing contained herein shall be deemed to (i) authorize the assumption or rejection of any of the Real Estate Leases or (ii) determine whether any of the Debtor's contracts or leases is an unexpired lease of nonresidential real property within the meaning of section 365(d) of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: October ___, 2009
     New York, New York

_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE